## LOUKS *v.* KENNISTON AND ANOTHER.

### *Estoppel in Pais.    Boundary Line.*

When one makes a representation that he expects another to act upon, and the other does act upon it, he is thereby estopped to deny the truth of that representation. Thus, when defendant, who owned land adjoining land that plaintiff was about to buy, told plaintiff that a certain fence was on the true boundary line, and plaintiff, relying thereon, and thereby in part induced to purchase, bought the land, it was *held* that defendant was estopped from denying that the fence was on the true line.

TRESPASS *qua. clau.* for cutting and carrying away hay from the plaintiff's land in Irasburgh, in July, 1874. The case was referred, and the referee found as follows :

The plaintiff is the owner of lot No. 28 in the first, and the defendant Kenniston of lot No. 28 in the second, range of lots in Lowell as it was originally organized. Many years since, the first range, which was on the easterly side of the town, was, by act of the legislature, set to Irasburgh. The plaintiff's and defendant Kenniston's farms adjoin ; and the *locus in quo* is within the plaintiff's enclosure, and on his farm as occupied and claimed by him and his grantors for at least six years before the alleged trespass. The division fence, which had been built by the mutual act and at the joint expense of the respective owners of the two lots, was divided by the plaintiff and Kenniston by agreement, the plaintiff agreeing to keep the north half in repair and Kenniston the south half. The fence was on a continuation of what was known as the Frost line, which was made by Henry Frost about the year 1856, by direction of the late Thomas Reed, of Montpelier, who was the owner or grantor of all the lots in the two ranges, or that part of them south of lots No. 28, and at the instance of the occupants of lots in that part of the ranges who had learned that the line then existing, called the Paine line, which appeared to be the only line dividing the two ranges, ran so as to make the lots in the first range of about eighty-six acres, and the lots in the second range of about one hundred and fourteen acres each, and was run arbitrarily equi-distant between the town line on the east and the second range line, from the northern line of lots No. 27 south as far as the south line of lot No. 23, and so as to make the lots in that part of both ranges of about one hundred acres each. The line was within a year or two afterwards ex-

tended by some one, it did not appear by whom, northward between lots No. 28 to Coventry Gore. This line where the fence was, was generally regarded as the true range line by the owners and occupants of lots on both sides of the line, and Kenniston, who had lived on his farm about ten years before the alleged trespass, so regarded it until 1873, when the Paine line was run upon the original range line that was made in the allotment of the town of Lowell, and was about twenty rods to the eastward of the Frost line, as before stated. The line thus became fixed as to some of the occupants by acquiescence and possession ; but as to lots No. 28 there has not been fifteen years continuous occupancy of either of them, with a claim of title to that line ; and I do not find that either party has lost or gained any land conveyed to him, by adverse possession ; so that the Paine line is the legal line between the two lots. Before the plaintiff bought lot No. 28 in the first range, he had a conversation with the defendant Kenniston about the boundaries, and Kenniston, knowing that he was about to purchase the lot, told him, believing it to be so, that the fence which was upon the Frost line, and extended across the whole width of the lot, and was the apparent boundary, and was shown to the plaintiff as such by his grantor, was the dividing line between the two lots ; and the plaintiff, relying upon that statement, and thereby induced in part to purchase the lot, when in fact he would not have done so if he had known that the Paine line was the legal line, bought the lot and paid for it. I therefore find that Kenniston is estopped to deny that the fence was on the true line as he represented, and for the plaintiff to recover the value of three tons of hay taken by the defendants jointly, at $7 per ton, with interest to February 12, 1877, amounting in all to $24.25. But if the court should be of opinion upon the facts stated that the defendant Kenniston is not estopped, then I find for the defendants to recover their costs.

The court, at the February Term, 1877, REDFIELD, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff ; to which the defendants excepted.

*L. H. Thompson*, for the defendants.

The defendant is not estopped, as no fraud was attempted. *Strong* v. *Ellsworth*, 26 Vt. 366 ; *Thrall* v. *Lathrop*, 30 Vt. 307 ; *Brown* v. *Boston & Worcester R. Co.* 5 Met. 478 ; *Tolman* v. *Sparhawk*, 5 Met. 476 ; *Proprietors of Liverpool Wharf* v. *Prescott*, 7 Allen, 494 ; *Parker* v. *Brown*, 15 N. H. 184 ; *Odlin* v.

*Gove,* 41 N. H. 473; *Whittaker* v. *Williams,* 20 Conn. 103; *Taylor* v. *Ely,* 25 Conn. 258; *Danforth* v. *Adams,* 29 Conn. 110; *Dixfield* v. *Newton,* 41 Me. 221; *Steele* v. *Putney,* 15 Me. 327; *Brant* v. *Virginia Coal & Iron Co.* 16 Am. Law Reg. 403 and n.; Bigelow Estop. 528, *et seq.*

*Edwards & Dickerman* and *W. D. Crane,* for the plaintiff.

The defendant is estopped from claiming beyond the Frost line. *Wakefield* v. *Crossman,* 25 Vt. 298; *Strong* v. *Ellsworth,* 26 Vt. 366; *Hicks* v. *Cram,* 17 Vt. 449; *Downer* v. *Flint,* 28 Vt. 527; *Spiller* v. *Scribner,* 36 Vt. 245; *Halloran* v. *Whitcomb,* 43 Vt. 306; *Kinney* v. *Farnsworth,* 17 Conn. 355; *Whitaker* v. *Williams,* 20 Conn. 98; *Brown* v. *Edson,* 23 Vt. 435; *Colby* v. *Norton,* 19 Me. 412; *Shaw* v. *Beebe,* 35 Vt. 205; *Admr. of Russell* v. *Maloney,* 39 Vt. 579; 1 Story Eq. Jurisp. s. 387.

The opinion of the court was delivered by

ROYCE J. The only question presented by the report is, whether upon the facts found by the referee the defendant is estopped from claiming to what is called the Paine line, as the dividing line between lot 28 in the first range and lot 28 in the second range.

The facts found by the referee bring this case clearly within the rule laid down in *Hicks* v. *Cram,* 17 Vt. 449, that " if one man has made a representation which he expects another may or will act upon, and the other does in fact act upon it, he is estopped to deny the truth of the representation." That rule has been recognized as the settled law of the subject in all the cases in this State cited by counsels; and the facts in this case are so analogous to those in *Spiller* v. *Scribner,* 36 Vt. 245, and *Halloran* v. *Whitcomb,* 43 Vt. 306, that the court could not refuse to apply it here without virtually reversing the decisions in these cases.

Judgment affirmed.