TOWN OF RUTLAND v. EVELYN PIERPOINT ET AL.*

*Equity ; will Correct Mistake in Awarding Land Damages.*

E. owned jointly with the other defendants certain land, of which he was in apparent possession, and which he had authority to manage in all ordinary matters without consulting the others, but not to sell. The selectmen of the orator laid a highway across the same, and E. appeared before them as the owner with reference to damages. The selectmen, supposing him to be the sole owner, awarded to him alone full damages. *Held,* that a court of equity should decree that the mistake of the selectmen be corrected, and said award paid to the several owners in proportion to their respective interests.

This was a bill in chancery brought by the orator against the defendant Evelyn and his two sisters, Julia Pierpoint and Susan S. Pierpoint. The subject matter of the bill sufficiently appears in the opinion. The defendant Evelyn made answer. The other two defendants did not appear, and the bill was as to them taken as confessed. The case was referred to a special master, and was heard at the September Term, 1887, of the Rutland County Court of Chancery. Royce, Chancellor, decreed that the bill be dismissed. Appeal by the orator.

It appeared from the master's report that the defendants were joint owners of the land over which the highway was laid. As to the authority of the defendant Evelyn with reference to the management of the land generally, and in connection with this particular transaction, the report found :

" Evelyn Pierpoint had the possession and general management of said real estate, and had had for many years. He was accustomed, and was authorized to represent all the owners in ordinary matters relating to the property ; but was not authorized to conclude agreements to sell without consulting the others. He had no authority to represent his sisters in highway proceedings, unless such authority is covered by the findings above made.

"It was the intention of Evelyn Pierpoint, in his conference with the selectmen, mentioned hereafter, to secure the allowance of full damages. He gave the selectmen permission to commence work on the land before the matter of damages was set-

(* Heard, January Term, 1888.)

Rutland *v.* Pierpoint et al.

tled.   He had no conversation with his sisters about the busi-
ness before the making of the award, but did have after.   Nothing
further appeared as to knowledge, objection or approval on the
part of the sisters.

"Under these circumstances the selectmen awarded two hun-
dred dollars.   Their award appears in the report as follows:
'To Evelyn Pierpoint we award the sum of two hundred dollars
damages.'  This sum was intended by the selectmen as damage to
the whole property, and the failure of the report to award it in ac-
cordance with that intention is undoubtedly the result of an error.

"After the award was on record, and had come to the knowl-
edge of Evelyn Pierpoint, he had a conversation with some of
the selectmen, in which they claimed that the amount given was
intended for all, and said Evelyn stated that if the award was
for his interest only it was satisfactory, but if for all it was not
satisfactory."

*Lawrence & Meldon,* for the orator.

The selectmen in awarding the entire damages to Evelyn
Pierpoint acted under a mistake of fact as to the ownership of
the land.   Equity will relieve from the consequences of that mis-
take.   *Litchfield* v. *Hutchinson,* 117 Mass. 195; *Spurr* v.
*Benedict,* 99 Mass. 464; Willard Eq. Jur. 64–5–70; 6 U. S.
Dig. 658, s. 357; p. 659, s. 382; p. 665, s. 514; p. 511; p.
96, s. 190; 89, s. 59; 656, s. 1280–1–4; *Davis* v. *Cilley,* 44
N. H. 448; *Stone* v. *Atwood,* 28 Ill. 30; *Pullman* v. *Perso-
nean,* 33 Ill. 375; *Williams* v. *Warren,* 21 Ill. 541; 1 Jac.
Fish. Dig. 436; *Brown* v. *Lamphere,* 35 Vt. 252; Sto. Eq.
Jur. ss. 138 (c) 138 (k), 140, 142, 143, 145, 153, 155, 156, 162,
164 e, 164 f, 166, 439, 1451, 1452, 1455, 1456, 1456 a.

It is unconscionable to allow a party to take advantage of a
mistake into which he has unwittingly lead another. 117 Mass.
195; 6 U. S. Dig. 659, s. 382.

*W. C. Dunton* and *Edward Dana,* for the defendant, Evelyn
Pierpoint.

Proceedings for the condemnation of land are *in invitum.*
In this case no notice has been given to any one but Evelyn.   If
herefore the prayer of this bill is granted, the effect will be to

condemn the land of these co-defendants without any opportunity to be heard. *Woodhouse* v. *Burlington*, 47 Vt. 300.

The records of the town were open to the inspection of the selectmen, and they could have ascertained the true state of this title. No deception was practiced. Equity will not grant relief where the one asking it has acted under mistake of facts which he might have learned upon reasonable inquiry. *Voorhis* v. *Murphy*, 26 N. J. Eq. 434; *Haggerty* v. *McKenna*, 25 N. J. Eq. 48; *Dillet* v. *Kemble*, 25 N. J. Eq. 66; *Graham* v. *Berryman*, 19 N. J. Eq. 29; *Penny* v. *Martin*, 4 Johns. Ch. 566; 2 Pom. Eq. Jur. pp. 843, 856; 1 Conn. 134; *McDaniels* v. *Bank*, 29 Vt. 230; *Burton* v. *Wylie*, 26 Vt. 430; *Fletcher* v. *Warren*, 18 Vt. 45; *Warren* v. *Conant*, 24 Vt. 351; *Emerson* v. *Udall*, 13 Vt. 477; *Pettis* v. *Bank*, 17 Vt. 435; *Dambmann* v. *Shulting*, 75 N. Y. 56.

The opinion of the court was delivered by

TYLER, J. In this case the selectmen, supposing from Evelyn Pierpoint's connection with the matter of laying the highway in question that he was the sole owner of the land through which it passed, without examination or inquiry as to the state of the title, awarded to him the sum of two hundred dollars, which they considered full compensation for damages. Had they understood that there were other owners of the land in common with said Evelyn, their award would have been no greater, but it would have been to all the owners in proportion to their respective interests. The town of Rutland brings this bill praying that it may be relieved from the consequences of the mistake of its selectmen, and that the award of two hundred dollars may be decreed to all the defendants according to their and each of their rights thereto.

The first question that arises is, whether defendant Evelyn was to such an extent the agent of the other two defendants that they were bound by his action. The master finds that he had had the possession and general management of the real estate for many years; that he was accustomed and was authorized to represent all the owners in ordinary matters relative to the property, but was not authorized to conclude agreements to

Rutland *v.* Pierpoint et al.

sell the land without consulting the others. He further finds that it was Evelyn's intention in his conferences with the selectmen to secure the allowance of full damages, and that all his conversations with them were in relation to the entire damage to the land, and not as to the damage to any undivided interest therein.

We think that the laying of the highway was an ordinary matter relating to the property. It did not require a deed. It was not a sale. It imposed a public servitude upon the land and nothing was required of defendant Evelyn but the administrative duty of seeing that his own rights and those of his co-tenants were protected.

The bill alleges that defendant Evelyn had the entire management of said land and of the claims for damages, and that he appeared and claimed full damages of the selectmen, who made their award therefor. Defendant Evelyn makes answer and denies these allegations and avers that the sum awarded is no more than adequate for his own damages, exclusive of those of his co-tenants. The other two defendants make no answer and do not appear, therefore it must be taken as confessed by them that these allegations are true.

The case presented, therefore, is that the selectmen through mistake awarded to one of the tenants in common a sum that was ample for all and that should have been awarded to all according to their several interests. By defendant Evelyn's connection with the matter, especially by his omission to take an appeal when informed by the selectmen that their award was for all the owners, he should be precluded from saying that the award should not be corrected. The other defendants do not contend that it should not be corrected so as to carry out the real intention of the selectmen. We think the orator clearly entitled to the relief prayed for.

*The decree of the chancellor dismissing the bill is reversed and cause remanded to the Court of Chancery with mandate that a decree be entered for the orator according to the prayer of the bill.*