ALEX ANDRIZINSKY *v.* JOHN PHILLIPS.

January Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed June 5, 1923.

*Municipal Court—Jury—Statute as to Time of Preparation of Jury List is Merely Directory.*

The provisions of G. L. 1651 as to the time when a judge of a municipal court shall prepare a jury list are to be regarded as directory to the municipal judges, and not as a limitation of their powers, hence an objection to the drawing of a jury on the ground that such list was not prepared and placed on file until after February tenth will not be sustained.

ACTION OF TORT for an assault and battery. Pleas, the general issue, justification, and *son-assault demesne,* and *replication de injuria.* Trial by jury in the Fair Haven Municipal Court, E. D. Raymond, municipal judge, presiding. Verdict and

judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*C. V. Poulin* for the defendant.

*James E. Sennett* for the plaintiff.

WATSON, C. J. This case is here on exceptions from the rulings of the Fair Haven Municipal Court. The defendant seasonably objected to the drawing of a jury from the jury list on file, on the ground that the judge did not prepare such list and place the same on file until after February 10, 1922, the time limited by the terms of section 1651 of the General Laws. The objection was overruled and exception saved. Thereupon a jury was drawn from said list and the case came on for trial. Before the jury was sworn, the same question was again saved by exception to proceeding with the trial.

G. L. 1651 provides that "In civil causes, each party shall be entitled to a trial by a jury of twelve persons. Each judge shall annually, on or before the tenth day of February, prepare and keep on file a list of the names and addresses of not more than fifty judicious men from each town in the county," etc. And by Section 1652, the jury for the trial of a cause is to be drawn from such list.

The preparation and keeping on file of such a list is a duty placed upon public officers, in which the public is interested. The fixing of the time for doing it is for the convenience, efficiency, and expeditiousness in the administration of justice, and not a limitation of the exercise of it. The statute contains no words negativing or denying the power to file such list after the time named; nor is there anything in the character of the act to be performed, or in the manner and mode of its performance, or in its effect as to public or private rights, from which it must be presumed that the Legislature contemplated that it better not be performed at all than at any time other than that specified in the statute. The time so specified must therefore be regarded as directory to the municipal judges and not as a limitation of their powers. It is said in *Holland* v. *Osgood*, 8 Vt. 276, that "Statutes directing the mode of proceedings by public officers, have always been treated as advisory and not intended to invalidate the vitality of the proceedings themselves, unless ex-

pressly so provided.'' In *Warner* v. *Mower,* 11 Vt. 385, it is said that when the statute merely directs the manner of doing a thing, and is not of the essence of the authority for doing it, a compliance with its requisitions is never considered essential to the validity of the proceeding, unless such is the expressed or evident intention of the Legislature.  And in *Colt* v. *Eves,* 12 Conn. 243, it is said the principle seems to be, that where the object contemplated by the legislature can not be carried into effect, by any other construction, the time prescribed must be considered as imperative; but where there is nothing indicating that the exact time is essential, it should be considered as directory.

*Judgment affirmed.*

NOTE:—MILES, J., having retired from the Bench, took no part in the decision of this case.