SPAULDING & KIMBALL CO. *v.* AETNA CHEMICAL CO.

May Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

*Injunction—Assessment of Damages After Dissolution—Timely Motion to Assess—When Cause Considered Pending for Purposes of Such Motion—Court Issuing Injunction Has Inherent Power to Assess Damages—Statutes, Construction of —"Shall" as Merely Directory in G. L. 1539—Estoppel— On Defendant's Motion for Injunction Damages, Plaintiff Estopped from Showing His Failure to Comply with Statutory Requirements in Securing Its Issue—General Rule of Estoppel—Burden of Establishing Injunction Damages.*

1.   G. L. 1539, providing that when an injunction is dissolved by final decree in favor of defendant he shall be entitled to re-

cover his actual damages caused by the wrongful issuing of the injunction, does not contemplate the assessment of damages until after final decree has been entered.

2. Where temporary injunction, issued to restrain the prosecution of a personal action at law, was dissolved by order of court in vacation, after demurrer to complaint had been sustained, bill adjudged insufficient, and decree ordered for defendant, and, no appeal being taken within the statutory period, the decree had become final, *held* that defendant's subsequent motion for damages for the wrongful issuance of injunction, while the cause still remained on the docket, was timely.

3. Until formal decree as required by the rule is signed and filed or the case has gone off the docket, the case is to be considered pending as far as motion for assessment or damages is concerned.

4. Where an injunction restraining the prosecution of a suit at law is dissolved, ordinarily the power to assess injunction damages is inherent in the court, independent of statute, and G. L. 1539 was not intended to deprive the court of such power.

5. The meaning of a statute is to be determined by the clear purpose of the act, which, in granting authority to a court, is generally to be considered as merely directory.

6. The word "shall" as used in G. L. 1539, providing that when an injunction is dissolved by final decree in favor of defendant injunction damages "shall be ascertained by reference to a master," is to be construed as synonymous with "may" and merely directory, and the court may assess damages without such reference, and, if ever more than merely directory, it was repealed to that extent by Laws of 1906, No. 62, § 1, and No. 63, § 20 (G. L. 1511, 1513), giving chancellor authority to hear causes involving controverted question of fact on oral testimony.

7. On defendant's motion for injunction damages under G. L. 1539, after temporary injunction had been dissolved, plaintiff was estopped from setting up in defense his failure to comply with G. L. 1533, 1537, in securing injunction, the defendant having been induced to act upon bond supplied as if in effect, and both defendant and court having relied upon it, as plaintiff cannot avail himself of benefit of the order and deny its validity to escape the consequences of his own wrong.

8. One is estopped from denying the truth of a fact upon the faith

of which he has induced another to act, knowing at the time that the other's conduct was materially influenced by the reliance upon such fact.

9.  On defendant's motion for injunction damages, after dissolution of injunction, under G. L. 1539, he has the burden of establish- ing his damages by proper evidence, hence it was error to assess damages on findings made by the court from his understanding of the situation from statements of counsel and inspection of docket, no testimony having been introduced by defendant as to amount of damages, and the defendant was not released from such burden by plaintiff's failure to avail himself of opportunity for further hearing after finding had been made against him.

APPEAL IN CHANCERY, from assessment of damages after dissolution of an injunction. Heard on the pleadings and findings of fact by the chancellor, in vacation, after the September Term, 1923, *Fish,* Chancellor. From assessment of damages as made the plaintiff appealed. The opinion states the case. *Reversed and remanded.*

*Martin S. Vilas* and *Guy M. Page* for the plaintiff.

*Max L. Powell* for the defendant.

BUTLER, J.    The defendant seeks to recover damages by reason of a temporary injunction order issued by the chancellor, April 7, 1923, restraining the prosecution of a personal action at law, at issue and then on trial in the Chittenden county court in which the parties hereto are reversed. Damages were assessed by the chancellor and a decree for the defendant therefor entered. Plaintiff excepted.

[1-3]    The complaint and order of the chancellor were served on the defendant while the trial of the action at law was in progress, and thereupon, without proceeding further, the law case was continued to the September Term of court. The bill of complaint in which the injunction was granted was disposed of on August 8, 1923, by an order filed by the chancellor, in which it was adjudged that the demurrer which had been filed be sustained, the complaint adjudged insufficient, and a decree be entered for defendant with costs. No appeal was entered, the

decree became final, and the injunction was thereby dissolved. Sometime previous to November 22, 1923, the date did not appear, defendant's motion was heard by the chancellor for injunction damages, a finding of facts made, and damages assessed.

The plaintiff contends that the court had no jurisdiction of the cause subsequent to final decree on the merits, to hear and determine injunction damages. The cause still remained on the September Term docket, and while the decretal order was filed in vacation and the time for appeal had expired, no formal decree had been signed and extended on the record. Cases are to be found more or less analogous, where it is held that when the statute does not designate the time of filing a motion or suggestion of damages caused by injunction, the assessment should in general be made at the term at which the cause is finally disposed of by the court, but this is not absolutely necessary. *Loehner* v. *Hill,* 19 Mo. App. 141; *Moore* v. *Mexico S. B.,* 58 Mo. App. 469; *Neiser* v. *Thomas,* 46 Mo. App. 47; *Sutliff* v. *Montgomery,* 115 Mo. App. 592, 92 S. W. 515; 32 C. J. 444, § 763.

The statute (G. L. 1539) under which the plaintiff seeks to recover damages provides that: "When an injunction * * * is dissolved by final decree in favor of the defendant, he shall be entitled to recover his actual damages caused by the wrongful issuing of the injunction, which shall be ascertained by reference to a master." This statute does not contemplate the assessment of damages until after final decree has been entered. The court clearly had the power to hold the case for the purpose of assessing the injunction damages, that it exercised that power may be fairly implied. In view of our practice of entering final decree in vacation, as was done in this case, in the circumstances, we think the defendant acted seasonably. G. L. 1494. At least, until a formal decree, as required by the rule, is signed and filed, or the case has gone off the docket, it should be treated as the court treated it, as pending for that purpose.

The plaintiff insists that the chancellor was not appointed a master to assess damages, as required by the statute under which the defendant claims to recover, and so is without jurisdiction, for such damages must be assessed as the law directs. This challenges the right of the court to assess such damages without reference to a master.

[4]    Ordinarily the power to assess injunction damages is inherent in the court, independent of the statute. *Sturgis* v.

*Knapp*, 33 Vt. 486.   The defendant, both by virtue of the order and by statute, is entitled to recover the damages caused by the wrongful issuing of the injunction, and it is held that: "If the court have power to make a payment of damages a condition on which the injunction issues, and to require a bond to secure its performance, it must of necessity have the power to determine the damages, and decree the payment, as between the parties to the suit, and the party who takes the injunction, takes it subject thereto." *Sturgis* v. *Knapp*, 33 Vt. 486.   The purpose of this statute cannot be held to deprive the court of its inherent right to assess the damages under its own injunction order.   *Sturgis* v. *Knapp, supra; Andrizinski* v. *Philips*, 97 Vt. 21, 121 Atl. 435. There is no apparent reason why this legislation intended to make an exception in this class of cases.

[5, 6]   The meaning of a statute is to be determined by the clear purpose of the act, which, in granting authority to the court, is generally held to be construed as directory merely. *Downer* v. *Hazen*, 10 Vt. 418.   The word "shall," in this statute is synonymous with "may," and should be so construed.   Such may be said to be the usual meaning of the word "shall," when used by the Legislature in a grant of authority to the court.   The same principle is recognized and approved in the very recent case of *Andrizinski* v. *Philips*, 97 Vt. 21, 121 Atl. 435.   And it is said to be always used in a permissive sense, unless necessary to give effect to the legislative intent.   *Cooke* v. *State Nat. Bank*, 52 N. Y. 98, 11 A. R. 667.

Moreover, this statute was enacted in 1884 (Laws of 1884, No. 142, § 1), and the clause respecting the assessment of damages by a master, if intended as anything more than merely directory, was in effect, at least to that extent, repealed by the legislation of 1906 (Act No. 62, § 1; Act No. 6, § 20), giving the chancellor authority to hear causes involving controverted questions of fact on oral testimony.   G. L. 1511, 1513.

[7, 8]   But the plaintiff says that the defendant cannot recover damages, for he was never enjoined from prosecuting his action at law, because the injunction order was conditional on the filing of a bond in compliance with it, and no such bond was filed.

The order was that the injunction became effective upon the filing of a bond "to secure the defendant against loss by the

granting of this injunction," and in effect that the plaintiff respond in damages, if any, at least to the amount of the bond.

The temporary injunction order restrained and enjoined the defendant herein from proceeding further with the civil action then on trial in the Chittenden county court until further order, but provided that "this injunction shall become effective upon the plaintiff filing in this court a bond in the sum of five hundred dollars ($500.00) satisfactory to the clerk of this court to secure the defendant herein from loss by the granting of this injunction." A bond was filed by plaintiff with two sureties, before service of the bill and injunction order, in the sum named, which was accepted by the clerk, but conditioned only that plaintiff shall prosecute said cause to effect and pay such costs as may be recovered by defendant against plaintiff, and otherwise abide by the order of court.

By G. L. 1533 it is provided that "an injunction shall not issue to stay the trial of a personal action at issue in a court of law, until the party applying therefor executes a bond, with one or more sureties, to the plaintiff in such action, in such sum as the court allowing the injunction directs," conditioned for the payment to the plaintiff of "intervening damages occasioned by delay to such plaintiff, with additional costs in such action, if the plaintiff finally recovers."

And by G. L. 1537, it is provided that "when a bond is required prior to issuing an injunction, it shall be filed with the clerk before the injunction is served or becomes operative."

The bond filed neither complied with the order of the court to secure the defendant against loss by the granting of this injunction nor against "intervening damages occasioned by delay" as required by statute.

The order of the chancellor is broad enough, and must be held to cover "intervening damages occasioned by delay to such plaintiff, with additional costs in such action," as contemplated by statute. The injunction should be treated as though it met the requirements of the order, for it was used by the plaintiff for the purpose of inducing the defendant to act upon it, as if in effect, and the defendant (as well as the court) relying upon it, acted accordingly, to his injury.

The plaintiff is estopped from making any such claim. He cannot avail himself of the benefit of the order and deny its validity to escape the consequence of his own wrong. A person

is always estopped from denying the truth of a fact upon the faith of which he has induced another person to act, knowing at the time that the other's conduct was materially influenced by the reliance upon such fact.   *Drouin* v. *Boston & M. R. R. Co.,* 74 Vt. 343, 52 Atl. 957; *Loukes* v. *Kenniston,* 50 Vt. 116; *Hicks & Co.* v. *Cram et al.,* 17 Vt. 449; *Town of Rutland* v. *Pierpont,* 61 Vt. 306, 17 Atl. 714.

[9]   The assessment of damages made by the court is based on a finding of facts, made and filed by the chancellor.   It is objected that the finding was made without evidence or proper trial, and exception was saved.   It fairly appears that the chancellor made his finding from what he gathered of the situation from the statements of counsel, and an inspection of the docket entries in this and the law case.   There was no testimony introduced by defendant as to the amount of damages.   Opportunity was given the plaintiff for further hearing, if desired, which he declined, but this did not relieve the defendant from the burden of establishing the damages by proper evidence.

Nor could the plaintiff be required to cross-examine witnesses present until they had first been improved as witnesses for the defendant.   The procedure was irregular, and the finding without evidence or concessions, and this exception must be sustained.

*Decree reversed and cause remanded, with costs in this Court.*