IDE & SMITH *v.* WILLIAM J. STANTON.

The statute of frauds and perjuries applies to executory contracts.

A written admission of a previous verbal contract, will satisfy the statute.

The evidence necessary to constitute a sufficient note or memorandum of a bargain, need not be confined to a single paper or document.

The written note or memorandum must, either by its own language, or by reference to something else, contain such a description of the contract as shall dispense with the necessity of resorting to parol evidence to supply any thing essential to give it validity.

A stipulated price enters into the legal contemplation of a bargain; and therefore a note or memorandum which does not furnish evidence of price, is not sufficient to take a contract of sale out of the statute of frauds and perjuries.

ASSUMPSIT on a contract for the purchase of wool. Plea, *non assumpsit*, and trial by jury.

CALEDONIA,    The plaintiffs introduced testimony tending to prove that
  *March*,
  1843.     in June or July, 1839, the defendant applied to the plaintiffs

Ide & Smith   to purchase a quantity of wool; that the parties agreed upon
    *v.*       the price per pound ; that the plaintiffs then had on hand
  Stanton.
           some portion of the wool, only, but how much did not ap-
pear, and that they stated that they expected to receive,
soon, certain other parcels, which the defendant agreed to
take, with that on hand ; and that no part of the wool was
delivered, and no money or other thing paid.

No evidence was introduced tending to show that, at the
time of making said bargain, or before, the bargain was
reduced to writing, or that any memorandum or note thereof,
signed by said defendant, in writing, was made.    Evidence
was introduced by the plaintiffs, tending to show, that defen-
dant agreed to take from three hundred to four hundred
pounds of wool, at fifty cents per pound.    The plaintiffs then
introduced two letters from defendant to plaintiffs, and one
from J. Ide, one of the plaintiffs, to the defendant, which
were as follows :

                    " North Danville, 10 Oct. '39.

" Gent. — I received your letter of the 2d Sept. yesterday.
' In answer would say, that I have felt very disagreeably
' about the wool I bought of you. I bought the wool for Messrs.
' C. J. & B. F. Batchelder, and they agreed to furnish the
' money immediately. I also bought about $1500 worth, and
' paid out my own money, and have not received a cent of it,
' which puts me to a good deal of inconvenience.    They have
' money due in Boston, but cannot get it at present.    I am
' in hopes they will be able to furnish money soon.    They
' tried to get money at the Bank but could not.    You must
' keep the wool for security unless you have a chance to sell
' it ; if so, let it go.    You have not been used fairly, and it is
' a way I never use people when I do business for myself.
        " Yours, &c.

                              WM. J. STANTON."

                    " North Danville, 11 Feb. 1840.

" Gent. — Please inform me by return of mail how many
' lbs. of wool there are at your store, which you expect me to
' have.    Mr. Batchelder, the man I bought the wool for, has
' refused to take it, but I am in hopes that he will conclude

' to be up to his agreement; however, I expect to stick to ' my trade whether he does or not.

"Respectfully yours,   Wm. J. Stanton.

"Sheffield, Feb'y 12, 1840.

"Wm. B. Stanton, Esqr. — Sir: Yours of the 10th in- ' stant was duly rec'd, and in answer I will say there is not ' far from 350 lbs. of wool. Hope you will succeed in get- ' ting it off on your contract. I am in great want of the ' money.   Respectfully yours,   Joseph Ide.

The counsel for the defendant contended that if the testimony was all believed, the plaintiffs could not recover, by reason of the statute of frauds and perjuries; and thereupon the court directed the jury to sign a verdict for the defendant; to which the plaintiffs excepted.

*T. Bartlett*, for plaintiffs.

The only question in this case is, whether the three letters referred to, and made a part of the case, are a sufficient note or memorandum in writing, of the contract between the parties to take the case out of the operation of the statute of frauds and perjuries.

As to the kind of note or memorandum in writing, the statute is silent. And the question arises, what sort of a note or memorandum will answer the requirement of the statute? Must it express the consideration, the time and mode of payment, and all the terms, conditions, and particulars of the contract? It is obvious that such strictness is not required. The terms, note or memorandum, as used in the statute, mean nothing more than a short writing or token for the better remembering of the contract, that it may not rest in memory alone.

It has been held that the word bargain, as used in the statute, does not render so full and strict a statement of the constituent and essential members of the contract necessary, as the word agreement.   6 East, 307.

When must the note or memorandum of the bargain be made? The plaintiffs contend that it need not be made at the time of making the contract, but that it may be made at any time before action brought. It is well settled that the contract of sale may be collected from one or several writings

or documents.    2 Starkie, 612 ; 10 Mass. 230.    It is contended by the plaintiffs, that if, from the note or memorandum, (whether collected from one or from several distinct documents) it appears that a contract of sale was made, and that the party considers the contract as complete and ended, that is a sufficient note or memorandum, within the statute. 2 Starkie, 604.    And if from the note or memorandum it can fairly be inferred that a contract for the sale of goods has been made, even though no consideration is named, it is sufficient to take the case out of the statute.    6 East, 307 ; 12 Mass. 122.    If the statute required *the agreement* to be in writing, then the word agreement, in legal understanding, would have to be regarded as integrally incorporated with the consideration.    10 Petersd. 89.    But courts have uniformly admitted parol and extrinsic evidence of its existence and quality.    A. by written undertaking, promises to pay B. one hundred dollars, without expressing any consideration ; but B. may prove the consideration by parol.    And even where a fine, feoffment, or conveyance is made, upon an express consideration, a man may aver, by word, another consideration, provided such consideration be consistent with the consideration expressed.

From the letters, in this case, there can be no doubt that the defendant bought of plaintiffs the wool sued for. And if defendant's letters had expressed the consideration, that is, how much he had contracted to pay them, the letters would have contained the evidence of an agreement perfect in all its parts.    But the plaintiffs insist that they may prove the consideration by parol ; and that, if no price was agreed upon, they may prove the value at the time of sale, under the *quantum meruit* count.

A bill of parcels, in which the vendor's name is printed, and delivered the vendee, or a subsequent letter from the vendor, referring to the parcels, will take the case out of the statute.    2 Bos. & Pul. 238 ; 3 Taunt. 169 ; 15 East, 103.

Before the writing of the letters, which contain what is tantamount to an express promise of payment for the wool, defendant was under an honorary and moral obligation to pay ; and it has never yet been decided that a moral obligation is not a good consideration for an express promise.

*C. Davis*, for defendant.

The statute does not, in express terms, require the memorandum to be drawn up and signed *at the time* of making the contract. It requires, however, the substance and terms of it to be reduced to writing — those very things, for instance, which it is incumbent on the plaintiffs to prove, in order to recover, and in proof of which, if by parol, perjury was to be apprehended. The letters admit not a single fact in detail, which the plaintiffs, in ordinary cases, would be bound to prove; such as the date of the contract, the price, the time, and mode of payment, &c.

The cases clearly show that the essential terms of the contract must appear from the writing, leaving nothing to be supplied by parol proof, the admission of which would let in the very mischiefs the statute was intended to prevent. 2 Kent's Com. 511 ; *Bayley & Bogart* v. *Ogdens*, 3 Johns. R. 399 ; *Champion* v. *Plummer*, 4 Bos. & Pul. 252 ; *Parkhurst* v. *Van Cortland*, 1 Johns. Ch. R. 280 ; *Abeel* v. *Radcliff*, 13 Johns. R. 297.

The opinion of the court was delivered by

Royce, J. — Two questions arise upon the bill of exceptions: 1. Whether the present is a case within the statute for the prevention of frauds and perjuries; 2. If it is, whether the written evidence produced upon the trial was sufficient to satisfy the requirements of the statute.

It was the prevailing opinion, for a time, that the statute applied only to contracts for the immediate sale and delivery of goods, and did not extend to any case of an executory contract. This distinction arose from what was said by the court in *Clayton* v. *Andrews*, 4 Burr. R. 2101. But since the decision in *Rondeau* v. *Wyatt*, 2 H. Bl. R. 63, no such general distinction has been recognized or acted upon. *Cooper* v. *Elston*, 7 T. R. 14 ; *Bennett* v. *Hull*, 10 Johns. R. 364. And in order to exempt an executory contract from the operation of the statute it has been required to appear, that the thing contracted for was to be manufactured by the seller, as in *Towers* v. *Osborne*, 1 Str. R. 506 ; *Crookshank* v. *Burrell*, 18 Johns. R. 58 ; *Sewell* v. *Fitch*, 8 Cowen 215 ; or that some important change in its condition was to be effected by him before delivery, as in the case first

Caledonia,
March,
1843.

Ide & Smith
v.
Stanton.

cited, where the sale was of a certain quantity of wheat, which remained to be thrashed by the seller before the contract could be executed. And it would seem that even these facts would not be sufficient in England, at this day, to take a case out of the statute. I infer this from the decision in *Garbutt et al.* v. *Watson,* 5 B. & A. 613, where the plaintiffs, being millers, contracted to sell to the defendant 100 sacks of flour, to be ground from their stock of wheat, subsequently to the contract of sale. It was held to be a case within the statute. The case at bar does not require us to go the length of this last decision. The plaintiffs had part of the wool on hand at the time of making the contract, and they relied upon collecting, and receiving in, the residue before the stipulated time of delivery. There is nothing in the case to justify us in pronouncing it a sale of non-existing property, or of property not then owned by the plaintiffs and subject to their control. It is, therefore, but the case of an executory contract, substantially like that of *Cooper* v. *Elston* already cited. We regard it as a case within the statute.

The exceptions state that no part of the wool was delivered, and no money or other thing paid. It was, therefore, a case, where a written " note or memorandum of bargain " became necessary. The statute has never required, that the written evidence of the purchase should be created at the time of making the contract. A written admission of a previous verbal contract will satisfy the statute. Neither is it essential that all the written evidence, necessary to constitute a sufficient note or memorandum of the bargain, should be comprised in a single paper or document. Distinct writings, and of different dates, if signed by the party to be charged, and properly conducing to prove the contract, are competent evidence in this class of cases. But since the whole object of the statute is to guard against the danger of fraud and perjury, in proving the contract, it is obviously indispensable that enough should appear in writing to show that a contract of purchase has been concluded, which is legally binding upon the party sought to be charged. The written note or memorandum must, therefore, either by its own language or by reference to something else, contain such a description of the contract actually made, as shall obviate the necessity of resort-

ing to parol evidence, in order to supply any term of the contract, which was essential to give it validity.

The defendant's letters, which are relied on as furnishing the requisite written evidence in this case, disclose the names of the parties, and the subject-matter of the purchase, but are silent as to the price agreed to be paid. This, it is insisted, was but the consideration of the bargain, which, according to *Egerton* v. *Matthews*, 6 East, 306, need not appear in writing. But in that case, the price was distinctly stated in the writing, and the question was, whether, as the contract could not have been enforced against the plaintiff, (for want of his signature to the memorandum) the defendant was bound by it, without some consideration, apparent upon the writing, beyond his own admitted obligation. It was decided that no such additional consideration was required to appear in writing. And this, it is believed, is the extent of all the decisions which have professed to follow out the doctrine of *Egerton* v. *Matthews*.

It is evident then, that the sufficiency of the note or memorandum under consideration, must depend upon the import of the word *bargain* as used in the statute. And its appropriate legal signification, independently of its connections with other expressions in the act, is the one to be sought. In this respect it differs from the word *agreement* as used in the same statute, which, from the peculiar phraseology of the section in which it occurs, has been held susceptible of a meaning somewhat short of its strict legal import, and to be synonymous with *special promise* or *undertaking*. *Smith* v. *Ide*, 3 Vt. R. 290. Now we find it laid down by Judge Kent and other writers upon the common law, when speaking of the legal requisites of a bargain, that "the price is an essential ingredient in the contract of sale, and it must be real and fixed, or be susceptible of being ascertained in the mode prescribed by the contract, without further negotiation between the parties." 2 Kent's Com. 477. This accords also with the rule of the civil law, "that the price ought to be established, for there can be no bargain without a price."

Since a stipulated price is thus seen to enter into the legal contemplation of a bargain, we could not doubt, even in the absence of more direct authority, that when the statute came to require written evidence of the bargain, it intended that

<div style="margin-left:...">CALEDONIA,</div>
<div>March,</div>
<div>1843.</div>

St. Johnsbury
v.
Waterford.

the price, like other essential terms of the contract, should be proved by such evidence. This conclusion, however, is not left to rest upon mere inference from the statute, since it is abundantly confirmed by the decisions both at law and in equity. *Blagden* v. *Bradbear* 12 Ves. 466 ; *Clark* v. *Wright*, 1 Aik. 12; *Bromley* v. *Jeffries*, 2 Vern. 415; *Elmore* v. *Kingscote*, 5 B. & C. 583. In these cases the memorandum was adjudged to be fatally defective, upon the sole ground that it did not disclose the price. It is needless to mention the numerous cases, where this defect has been noticed in connexion with others. It is manifest that the bargain, in this case, was not proved by the written evidence, and the judgment of the county court must be affirmed.

<div align="right">Judgment affirmed.</div>