I. H. P. ROWELL *vs.* M. J. DUNWOODIE.

October Term, 1896.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Statute of Frauds—Common Counts—Exception.*

The defendant, a residuary legatee, promised the plaintiff in writing that, if he would withdraw his opposition to the allowance of the will, and if the estate should prove large enough to pay all debts and legacies, and if no appeal should be taken by creditors or otherwise, she would pay the plaintiff two notes held by him against the deceased, as well as one-half of an account for legal services, which notes and account the writing stated to be the only claims in favor of the plaintiff. *Held*, that the memorandum satisfied the statute of frauds although it did not mention the amount of the notes.

The plaintiff upon production of the notes and proof that the conditions of the contract had been fulfilled was entitled to recover in general assumpsit.

The defendant's promise was not collateral to that of the testator, but absolute upon the plaintiff's performance of the conditions.

The trial court rejected the offer of the notes and, later, directed a verdict for the plaintiff for the amount of the account. The plaintiff excepted to the action of the court in excluding the notes but not in directing the verdict. *Held,* that by excepting to the exclusion of the notes as evidence, he saved his right to insist upon a recovery of the amount due upon them.

ASSUMPSIT in the common counts. Plea, the general issue. Trial by jury at the September Term, 1895, Washington County, *Thompson,* J., presiding. Verdict, by direction of the court, for the plaintiff for the amount of the account named in the contract, and judgment thereon. Both parties excepted.

The plaintiff claimed to recover upon the written contract recited in the opinion and introduced the same in evidence. The defendant excepted to its admission on the ground that the plaintiff could not recover thereon under the common counts.

The plaintiff offered in evidence two notes purporting to be signed by the testator, payable to the plaintiff, or bearer, and offered oral evidence to identify them as the notes mentioned in the contract and to prove that they had been kept alive as against the statute of limitations. The court excluded the notes on the ground that the statute of frauds required the memorandum to be complete and that oral evidence was not admissible to identify the notes. To the exclusion the plaintiff excepted.

The plaintiff's evidence tended to prove that all the conditions of the written contract had been fulfilled. No question was made but that one-half of the account referred to in the writing amounted to $29.40, and the court directed a verdict for the plaintiff for that amount. The defendant excepted thereto on the ground that recovery could not be had under the common counts. The plaintiff did not ask to

go to the jury on any question and took no exception to the action of the court in directing a verdict.

*T. R. Gordon* for the plaintiff.

The terms of the special contract having been performed, leaving nothing to be done but the mere payment of money, a recovery under the common counts was permissible. *Bradley* v. *Phillips*, 52 Vt. 517; *Kent* v. *Bowker*, 38 Vt. 148; *Perry* v. *Smith*, 22 Vt. 301; *Mattocks* v. *Lyman*, 16 Vt. 118; *Wilkins* v. *Stevens*, 8 Vt. 214; *Way* v. *Wakefield*, 7 Vt. 223; *Bank of Columbia* v. *Patterson's Admr.*, 7 Cranch 299.

The promise was not within the statute of frauds. It was made upon a new consideration and was not in any sense collateral to the promise of the original debtor. *Bailey* v. *Bailey*, 56 Vt. 398; *Williams* v. *Little*, 35 Vt. 323; *Templetons* v. *Bascom*, 33 Vt. 135; *Cross* v. *Richardson*, 30 Vt. 647; *Lampson* v. *Hobart's Est.*, 28 Vt. 700.

But if the promise was collateral, oral evidence was admissible to identify the notes.

*Geo. W. Wing* and *Dillingham, Huse & Howland* for the defendant.

The plaintiff could not recover under the common counts. He has not released his claim against the original promisor and the defendant is merely a surety or guarantor. The consideration for the defendant's promise was that the plaintiff should withdraw his opposition to the will, not that he should forbear enforcing his claim against the estate. *Arbuckle* v. *Templeton*, 65 Vt. 205.

Hence the contract is within the statute of frauds. *Fullam* v. *Adams*, 37 Vt. 394.

The memorandum was insufficient because it required oral evidence to supply its terms. *Ide* v. *Stanton*, 15 Vt. 685.

The plaintiff lost his right to claim a recovery for the amount of the notes by failing to except to the action of the court in directing a verdict for the amount of the account only. The defendant, indeed, excepted to that action but is

willing to let the verdict stand as it is. *Stock Quo. Tel. Co.* v. *Board of Trade,* 144 Ill. 370; *Curtis* v. *Wheeler & Wilson Co.,* 141 N. Y. 511.

TYLER, J. The plaintiff claims to recover, in the common counts in assumpsit, upon a written agreement, signed by the defendant, which is as follows:

"I, M. Jennie Dunwoodie, of Montpelier, Vermont, named as residuary legatee in the will of Joseph B. Rowell, late of Montpelier aforesaid, now pending for probating in the probate court for the district of Washington, Vermont, hereby agree to pay I. H. P. Rowell of Montpelier, Vermont, two notes he holds against the said Joseph B. Rowell, with the interest thereon, upon the following conditions:

"1st. The said Rowell shall withdraw from opposing the probating of said will and allow the same to be probated.

"2nd. That the estate shall be solvent and that sufficient shall be realized therefrom to pay all legacies and debts.

"3d. In case no appeal is taken by anyone interested in said estate as a creditor or otherwise.

"In case an appeal shall be taken, no liability shall attach to the said M. Jennie Dunwoodie until such appeal is determined; and if such determination shall be adverse to her, then said M. Jennie Dunwoodie shall be discharged from all liability under this agreement.

"The said Rowell has an account for legal services and costs against Joseph B. Rowell, for one-half said amount, estimated to be from twenty to thirty dollars—which is to be paid, subject to the above conditions, by the said M. Jennie Dunwoodie; and the said Rowell has no other claim against said estate."

The plaintiff's evidence tended to show that all the conditions of the agreement had been fulfilled, and the defendant made no claim that the 1st, 2nd and 3rd conditions had not been performed. The question is whether the agreement satisfies the statute which requires that a promise to answer for the debt of another shall be in writing.

If the promise had been to pay a specific sum of money, as $142.99—the face of the two notes—no question could be raised but that the debt was definitely described. But now it is contended that the contract is partly in writing and partly dependent upon parol evidence, and therefore within the statute.

The rule of law is that enough should appear in the writing to show that a contract has been concluded which is legally binding upon the party sought to be charged; that the written note or memorandum must, either by its own language or by reference to something else, contain such a description of the contract actually made as shall obviate the necessity of resorting to parol evidence in order to supply any term of the contract essential to give it validity. *Ide & Smith* v. *Stanton*, 15 Vt. 685.

The plaintiff offered in evidence two notes, signed by the testator, which were excluded. If the writing had been indefinite, so that it might have applied to different notes, the ruling of the court excluding them would have been correct. But it appears by the writing that these two notes and the account were all the claims that the plaintiff had against the estate, so that their identity was established by their production, and parol evidence was necessary only for the purpose of fixing the amount due upon them. So we are not required to go beyond the rule in *Ide & Smith* v. *Stanton* to inquire how far parol evidence might be resorted to in order to identify the subject matter of the contract.

Upon proof that the plaintiff had complied with the terms of the agreement and the admission of the notes in evidence he would have been entitled to recover in general assumpsit. A case would have been made where nothing remained for the defendant to do but to pay over the amount due upon the notes.

The defendant's promise was not collateral to that of the testator. It was absolute upon the plaintiff's performance of the conditions, and was obviously for the defendant's benefit, she being the residuary legatee under the will.

The defendant makes the further point that the verdict and judgment for the plaintiff to recover the amount of his account preclude him from a recovery upon the notes. This cannot be maintained. The plaintiff's exception to the ruling of the court excluding the notes as evidence saved his right in respect to a recovery of the amount due upon them.

*Judgment reversed and cause remanded.*