FRANCIS F. HOLT *v.* AUSTIN HOWARD.

January Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed August 31, 1904.

*Accounting—Partnership—Assumpsit—Evidence—Statute of Frauds—Waiver—Referee's Report—Exceptions—Questions not Raised at Trial—Interest—Annual Balances—Statute of Limitations.*

When, before a settlement between plaintiff and defendant, the plaintiff, who had been in partnership with a third person, became the sole owner of defendant's indebtedness to that firm, and this in-

debtedness was included in said settlement with defendant's knowledge of plaintiff's ownership thereof, plaintiff may recover, in an action of assumpsit in his own name, the balance found due on this settlement, including that partnership debt.

When it appears that plaintiff and defendant intended that all their business deal, except notes, should be a mutual and open account, and that the charges of each should apply in payment of the charges of the other, all such business deal, except notes, should, in respect of the Statute of Limitations, be reciprocally applied as proper matter of an open and current book account.

There is no difference between the actions of assumpsit and book account, in respect of what items are barred by the Statute of Limitations.

If, in the exceptions to the report of a referee, it is claimed that he allowed various items and classes of items without evidence, the Court will not consider that question, unless it appears that the entire evidence is before it, although all the exhibits, and the referee's "minutes" of the evidence, are sent up.

When, at the hearing before the referee, no evidence was received against defendant's objection, except evidence relating to one item, he cannot, by exceptions to the report, raise general objections as to the admissibility of evidence.

When, in a trial before a referee, a witness is permitted to refer to his books to refresh his recollection, it is proper to allow him to designate to the referee the matter that he claims aids his memory.

When evidence obnoxious to the Statute of Frauds is received without objection, the statute is waived.

On an accounting, the referee properly disallowed items in defendant's specification which he found to be payments for things not charged in plaintiff's specifications.

In assumpsit on an open and current book account, interest should be allowed on annual balances.

GENERAL ASSUMPSIT. All necessary pleas treated as filed. Heard on report of a referee and exceptions thereto at the May Term, 1902, Windsor County, *Haselton,* J., presiding. Judgment *pro forma,* for the plaintiff. The defendant excepted. This was an accounting involving a business deal of thirty-two years. The plaintiff's specifications consist of 4,140 items, the defendant's of 535 items.

*T. F. Strange,* and *J. D. Denison* for the defendant.

The so-called "settlement" of December 1, 1887, was not a settlement, because it is found there were a number of items that were not then adjusted, but were left for further investigation. *Lockwood* v. *Thorne,* 18 N. Y. 286, 288; *Carpenter* v. *Nickerson,* 7 Daly 424; *Rahill* v. *McTague,* 114 Pa. St. 82; *Harvey* v. *R. Co.,* 13 Hun. 392; *Stenton* v. *Jerome,* 54 N. Y. 484.

If a settlement was made December 1, 1887, the balance then found due is barred by the Statute of Limitations. *Belchertown* v. *Bridgman,* 118 Mass. 486; *Bass* v. *Bass,* 8 Pick. 187; *Chace* v. *Trafford,* 116 Mass. 529; *Doland* v. *Sprague,* 12 Pet. 300; *Spring* v. *Ex. of, Gray,* 6 Pet. 156; *Union Bank* v. *Knapp,* 3 Pick. 96; Angel Limitations, 150, 151, 160; 2 Green, Ev. § 447.

The items that were left unadjusted at that settlement are also barred by the Statute of Limitations. *Belchertown* v. *Bridgeman,* 118 Mass. 486; *Union Bank* v. *Knapp,* 3 Pick. 96; *Bass* v. *Bass,* 8 Pick. 187; *Chace* v. *Trafford,* 116 Mass. 529; *Donald* v. *Sprague,* 12 Pet. 300; Angel Limitations §§ 150-151-160; 2 Greenl. Ev. § 445.

*Pingree & Pingree* for the plaintiff.

It must be affirmatively shown that the referee considered improper evidence. *Martin* v. *Wells,* 43 Vt. 433.

The findings of the referee are conclusive, if there was any evidence tending to establish them. *Harris* v. *Howard,* 56 Vt. 695.

HASELTON, J. This was an action of general assumpsit. The case was referred and was heard by the referee under an agreement to the effect that any and all pleadings which either

party might desire to have treated as filed should be so treated.

The plaintiff was for a great many years a country merchant. For some years prior to 1887 he had a partner in the mercantile business, but after that date he carried on such business alone. Aside from his mercantile business, the plaintiff had engaged in the lumber business, a business in which the defendant was for a long time engaged. The plaintiff and the defendant dealt extensively with each other, and at times were jointly interested in lumber transactions. The plaintiff kept books covering a part of his business with the defendant for the whole time of its continuance, and the defendant kept books covering a part of such time. Both parties testified, and used, as well they might, books, diaries, scraps of paper, checks, check stubs and various memoranda to refresh their recollection. It appeared that many of their dealings were adjusted at, or about, the time of the dealings themselves, and that so no entry of them was made on any book of account.

The referee found and the parties conceded that in consequence of the way in which their accounts had been kept, the extent of their dealings, the time covered thereby, and the indistinct recollection of the parties, a condition of uncertainty existed.

Prior to December 1, 1887, and after the dissolution of the partnership referred to, the parties to this suit spent several days in looking over their dealings with a view to a settlement; and on said December 1, they agreed that, leaving certain items for future investigation and adjustment, there was then due the plaintiff the sum of $2,158.32. The defendant discusses this adjustment and its effect at considerable length, but we think there can be no question that, in

the agreed state of the evidence, the referee was warranted in taking, as he did, what the parties had settled upon, so far as their adjustment went, as a basis from which to work. It is true that the dealings of the former partnership with the defendant entered into the partial settlement of December 1, 1887; but that fact presents no difficulty, as it is found that at that time Holt, having previously bought out his former partner, was the sole owner of the partnership account against the defendant, and that the adjustment was had with knowledge of such ownership on the part of the defendant, and that the partnership account was always treated by both the plaintiff and the defendant as a matter of deal solely between them. In these circumstances there was no obstacle to the adjustment of the partnership account between the plaintiff and the defendant. The principle that, if suit is brought on an assigned claim, not a negotiable instrument, the suit must be in the name of the assignor, has no application here.

One of the important findings of the referee is thus stated: "I find that each of the parties intended their dealings, aside from notes, should be a mutual open account, and the payments and charges of each should apply on the payments and charges of the other." The defendant excepted to the report on the ground that he did not get the benefit of the Statute of Limitations with respect to various items which are of such a character that without this finding each would stand by itself in relation to that statute. But this finding shows that, by a common understanding, the parties brought all of their dealings not represented by notes into a mutual account; and throughout this long-continued mutual account items of debit and credit are so far contemporaneous that notes alone could be barred by the Statute of Limitations. An examination of the report shows the disallowance of notes

on which the statute had run, and shows no error in determining what did, and what did not, belong in the mutual account which the referee was required to pass in review. The defendant claims that, as the action is assumpsit, the Statute of Limitations bars items that would not be barred, if the action were book account. This claim is, however, a mistaken one.

The defendant, in his exceptions to the report, and in argument, claims that various items and classes of items were allowed without evidence. Now, the case has once been remanded, on application of the defendant, to enable him to avail himself of his claim in this regard and of other claims made by him, but as the case finally comes up this claim as to lack of evidence stands upon assertion merely. All the exhibits have, indeed, been sent up or have been referred to generally, and such long hand minutes as the referee took of the testimony are also before us. But it cannot be assumed that the referee wrote out the oral evidence in its entirety. If any assumption were to be made, it would naturally be that the referee's "minutes" were such as he deemed necessary to enable him to refresh his recollection and recall the testimony in full when he came to determine his findings and make up his report. There being no showing that the entire evidence is before the court, we have declined to examine the mass of exhibits or to study such minutes of testimony as the referee took, not because the task of doing so would be arduous, but because for the reasons stated it would necessarily be futile.

The defendant seeks to avail himself of the claim that inadmissible evidence of various kinds was received. But it appears that no evidence was received against the objection of the defendant except evidence relating to one item. This

being so, the defendant cannot by exceptions to the report
raise general questions as to the admissibility of evidence. In
testifying as to the item referred to, the plaintiff, under ob-
jection and exception, was allowed to refer to his books to
refresh his recollection, and in connection with such testi-
mony to designate what appeared upon his books in relation
to the matter. Surely, it was proper for the referee to have
stated, and shown to him, whatever the witness used under the
claim that it aided his recollection.

One of the defendant's claims is that certain items were,
under the Statute of Frauds, not provable by oral testimony.
But the Statute of Frauds is, so far as concerns means of
proof, a rule of evidence which may be waived, and which
is waived unless objection is made to the proof offered. In
the hearing before the referee any evidence which may have
been obnoxious to the Statute of Frauds was received without
objection and so the statute was waived. Clearly, the parties
were actuated by a common desire that the referee should re-
ceive and consider whatever might logically aid him in arriv-
ing as nearly as might be at an accurate result.

What may be called the defendant's general exceptions
to the findings and report of the referee are grouped under
numerous headings. However, all the points made under these
headings have, it is believed, been reviewed in what has
thus far been said. At any rate, all the defendant's claims
under these numerous headings have been examined and con-
sidered, and all are held to be untenable.

The defendant claims that the report itself shows specif-
ically that certain designated items of his account were im-
properly disallowed. The referee disallowed these items be-
cause he found that they were payments for things not charged
in the plaintiff's specification. In connection with the finding

of the referee that the parties had many dealings that were settled and adjusted about the time of the transactions themselves, the disallowance of these items was proper. The defendant was entitled to have these payments applied but once, and the referee found, in effect, that they had been once applied in dealings not brought before him in the accounting.

The defendant, too, calls attention specifically to a list of items allowed the plaintiff and claims that each of these items was improperly allowed; but the claim in the case of each item so pointed out is some one of the ill-grounded claims already considered.

In arriving at an ultimate result, the referee computed simple interest on annual balances, and the defendant claims that such computation was improper and illegal. But the rule followed in the matter of interest was that which the well settled law of Vermont made applicable in the situation and circumstances disclosed by the report.

The county court rendered judgment on the report for the plaintiff and that

*Judgment is affirmed.*