JOHN TAPLIN *v.* HINCKLEY FIBRE COMPANY.

May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 3, 1923.

*Statute of Frauds—Waiver—Question of Statute May Be Raised by Seasonable Objection without Being Specially Pleaded —After Parol Evidence Received without Objection, Amendment of Answer by Pleading Statute is Unavailing— Estoppel—Essentials of Memorandum.*

1. The clause in the Statute of Frauds relating to contracts not to be performed within one year does not make such oral contracts illegal or void and unenforceable if allowed to be proved by parol, and, being a rule of evidence, may be waived, and is

waived, by permitting proof of a contract by parol evidence without objection, it being too late to invoke the statute after the evidence is thus admitted.

2. Such statute may be availed of by seasonable objection to the evidence, without its being specially pleaded.

3. Where the defendant had permitted the contract to be proved by parol evidence without objection, the subsequent filing of an amended answer pleading the statute. was too late to be availing.

4. In an action to recover for labor with a team, plaintiff's contention that defendant was estopped from setting up the Statute of Frauds as a defense by reason of having represented to plaintiff that he could pay for a certain wagon sold him by defendant, by team work, was untenable, where the contract on which recovery was sought was admittedly oral, and there was no testimony tending to show that the purchase of the wagon had any connection with it, or was an acknowledgment of it.

5. A written memorandum to answer the Statute of Frauds must, either by its own language or by reference to something else, contain such a description of the contract actually made as shall obviate the necessity of resorting to oral evidence in order to supply any terms of the contract essential to its validity.

ACTION OF CONTRACT. Plea, the general issue, and an amendment filed during trial pleading the Statute of Frauds. Trial by jury at the October Term, 1922, Essex County, *Willcox,* J., presiding. Verdict ordered for the defendant and judgment thereon. The plaintiff excepted. The opinion states the case. *Reversed and remanded.*

*C. R. Powell* and *Searles & Graves* for the plaintiff.

*Amey & Cameron* for the defendant.

BUTLER, J. The action is contract. The declaration contained the common counts and a special count predicated on the breach of an express contract between the parties for the labor by plaintiff with his team, made March 20, 1921, which contract was to commence April 1 following and to continue for one year.

He commenced work about April 1 and continued at work under the contract until June 25, when he was discharged.

The declaration contains no allegation that the contract was in writing, and plaintiff's evidence showed, and he now admits, that such was not the fact. The plaintiff testified fully as to the terms of the contract and the claimed breach without objection. On cross-examination by defendant he stated that he did have a written contract with the defendant in respect to a wagon which he purchased of defendant some time previous to his discharge and gave his note therefor with a lien on the wagon which was in writing, signed by the plaintiff, therein stipulating that it was to be paid "by work of man and team during the coming winter of 1921 and 1922," by April 1, 1922, on the back of which appeared the following memorandum "Mr. Harry Kitridge, Mr. John Taplin has fixed up everything satisfactory with the Hinckley Fibre Co. and you can pay him for the wagon," signed by Applebee, superintendent. This note was in the hands of defendant, and was offered and received in evidence as defendant's exhibit. At the close of plaintiff's testimony defendant moved for a directed verdict on the ground that the evidence showed that the contract proved was within the Statute of Frauds. The motion being overruled, defendant asked and had leave to file an amended answer setting up the Statute of Frauds, to which ruling plaintiff excepted. The motion was then renewed and granted, and the court directed a verdict and rendered judgment thereon for the defendant, to all of which plaintiff excepted, on the ground, first, that the contract having been fully established by parol evidence without objection the defense of Statute of Frauds was waived; and, second, having been waived, it was error to permit the filing of an amended answer and to direct a verdict and enter judgment for defendant thereon.

[1] The clause of the statute here in question does not make oral contracts illegal or void and unenforceable if allowed to be proved by testimony not in writing. It affects the rules of evidence and not those of pleading. It does not interfere with the substance of the contract, but throws a difficulty in the way of evidence. *Cooley* v. *Hatch*, 91 Vt. 128, 99 Atl. 784; *Smith* v. *Smith*, 14 Vt. 440; *Strong* v. *Dodds*, 47 Vt. 354; *Pike* v. *Pike*, 69 Vt. 535, 38 Atl. 265.

As a rule of evidence it may be waived and is waived, unless objection is made to the proof offered, so that the proof of a contract by parol evidence without objection is a waiver of the protection of the statute. To invoke the statute as a defense after the admission of evidence without objection, establishing the agreement, is quite too late to be available. *Holt* v. *Howard,* 77 Vt. 49, 58 Atl. 797; *McDonald* v. *Place,* 88 Vt. 80, 90 Atl. 948; *Sartwell* v. *Sowles,* 72 Vt. 277, 48 Atl. 11, 82 A. S. R. 943; *Montgomery* v. *Edwards,* 46 Vt. 151, 14 A. S. R. 618.

[2] The Statute of Frauds may be availed of by seasonable objection to the evidence, without its being specially pleaded. *Pocket* v. *Almon et ux.,* 90 Vt. 10, 96 Atl. 421; *Cowles* v. *Cowles' Estate,* 81 Vt. 498, 71 Atl. 191; *Dee* v. *King,* 77 Vt. 230, 59 Atl. 839, 68 L. R. A. 860; *Paine* v. *McDowell,* 71 Vt. 28, 41 Atl. 1042.

[3] The special count appraised the defendant of the contract on which the plaintiff's claim was based, so that, if he wished to avail himself of the statute, he should have done so promptly when the proof was offered. The subsequent filing of the amended answer did not aid the defendant, for the contract had already been established.

[4, 5] The plaintiff also contends that the defendant, by selling the plaintiff the wagon and representing that the plaintiff could pay for it by team work under his contract is estopped from setting up the Statute of Fraud. The rule is invoked that, where a person tacitly encourages an act to be done, he cannot afterwards exercise his legal right in opposition to such consent, if his conduct or acts of encouragement induce the other party to change his position so that he will be pecuniarily prejudiced by the assertion of the adversary claim, stated in *Swain* v. *Seamans,* 9 Wall. (U. S.) 254, 19 L. ed. 554; *Mattes* v. *Frankell,* 157 N. Y. 603, 52 N. E. 585, 68 A. S. R. 804, does not apply. The alleged contract for the breach of which the plaintiff seeks to recover was admittedly oral, and no testimony is pointed out tending to show that the purchase of the wagon had any connection with or that it was an acknowledgment of it. The lien note and the memorandum thereon make no reference to the contract in question. The written memorandum to answer the statute must, either by its own language or by reference to something else, contain such a description of the contract actually made as shall obviate the necessity of resorting to oral evidence

in order to supply any terms of the contract essential to its validity. *Rowell* v. *Dunwoodie,* 69 Vt. 111, 37· Atl. 227; *Ide* v. *Stanton,* 15 Vt. 685, 40 A. D. 698. This ground is untenable.

This holding does not, however, preclude the defendant from showing that there was no such contract, or that plaintiff has failed to perform on his part. The direction of the verdict for defendant was error.

As the case is to be reversed, this holding disposes of all the material questions briefed.

*Reversed and remanded.*