DAISY J. TURNER ET ALS. *v.* ALBA M. BRAGG ET AL.

October Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 6, 1945.

*Natt L. Divoll, Jr.,* and *Herbert S. Avery* (of the Massachusetts Bar) for the Petitioners.

*Barber & Barber* for the Petitionees.

MOULTON, C. J. This cause was tried before the chancellor, and, after a decree in favor of the defendants, came to this Court on the plaintiffs' exceptions. After hearing here no error was found and an entry of "Judgment Affirmed" was made, and later, the plaintiffs' motion for reargument was disposed of by the entry "Motion for reargument denied. Let full entry go down." *Turner* v. *Bragg*, 113 Vt 393, 35 A2d 356. Thereafter the plaintiffs brought a petition to the chancellor to permit the introduction of additional evidence, basing it upon the provisions of P. L. 1331. The defendant moved to dismiss this petition and their motion was granted. The plaintiffs excepted, so the cause is again before us, and this time the controlling issue is whether the chancellor had jurisdiction to entertain the petition.

P. L. 1331, so far as material, is as follows: "A court of chancery or a chancellor, after mandate in a cause heard and determined by the supreme court has been sent down and filed, may, on petition signed by the party or his solicitor, . . . appoint a master to hear additional evidence and report his findings of fact thereon, if the court or chancellor shall adjudge that equity and good conscience so require." A mandate is "The judgment of an Appellate Court sent down to the court whose proceedings have been reviewed." Bouvier's Law Dictionary, (Rawle's 3rd Ed.) Vol. 2, p. 2080. The term is more comprehensively defined in Webster's New International Dictionary (2nd Ed) as "the order or command embodying the decision of an appellate court when final judgment is not entered, sent to the court below." When P. L. 1331 was enacted the Supreme Court was without authority to enter final judgment in equity cases, and all such proceedings, even after an affirmance of the decree, were remanded to the court of chancery for further proceedings. *Turner* v. *Bragg*, 113 Vt 156, 161, 30 A2d 450; P. L. 1325. But P. L. 1325 was amended by No. 39 of the Acts of 1937, which provides that: "When an appeal has been so heard and determined, the supreme court may make and enter final judgment, or may remand the proceedings, with its judgment, decree or order therein, to the court of chancery, where such proceedings shall be had as may be necessary to carry such judgment, decree or order into effect." Where, as here, final judgment has been entered in Supreme Court and there is no re-

mand, it is the judgment or decree of this Court and is recorded as such by the clerk in its official records. Supreme Court Rule (1936) 20½, (1946) 21. The entry of such judgment is not a "mandate" within the meaning of P. L. 1331, since the cause is not sent back to the trial court for further proceedings. Nor does the order "let full entry go down" on a motion for reargument, after final judgment or decree, import a remand. It is only a direction to the Clerk of the General Term to remit the files and the entry of the judgment to the clerk of the county wherein the cause originated for record in his office, as provided by P. L. 1343.

It follows that unless a remand is ordered when final judgment or decree is rendered in this Court, or later obtained on motion, a chancellor or court of chancery has no further jurisdiction in the cause.

*The order granting the defendants' motion to dismiss the plaintiffs' petition is affirmed.*