ST. GERMAIN'S ADMR. *v.* RIFORD TUTTLE ET ALS.

Special Term at Rutland, November, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES and STURTEVANT.

Opinion filed January 8, 1946.

*Hanford G. Davis* and *Vernon J. Loveland* for the plaintiff.

*Lawrence & O'Brien* for the defendant Tuttle.

*Asa S. Bloomer* for the defendant, Advent Christian Church.

*Leon M. Layden* for the defendant Strubbe.

SHERBURNE, J. At the October Term, 1945, of this Court, it was ordered and decreed that defendant Tuttle pay to the Advent Christian Church the sum of three thousand. dollars with interest at 6% from October 8, 1942, and its costs. See 114 Vt 263, 44 A2d 137. At the Special Term in Rutland in November, 1945, the Advent Christian Church moved for a close jail execution against defendant Tuttle to enforce performance of such decree. After hearing the parties, and in the exercise of our discretion, the case was ordered to be brought forward, and the entry order made at the October Term, 1945, was vacated, and a new entry in like terms was made, and at the time of such entry, it appearing to the Court that defendant Tuttle intentionally diverted and misapplied the said sum of three thousand dollars held in trust, it was adjudged that the cause of action arose from the wilful and malicious act and neglect of said Tuttle, and that he ought to be confined in close jail, and that execution may issue against his body, with a certificate thereon to such effect.

The court of chancery has the power in proper cases to enforce its decrees by execution against the body, P. L. 1316, and under P. L. 2196 may grant a close jail execution for the recovery

of money or property held in trust or in a fiduciary capacity. *Lyon* v. *Prescott,* 103 Vt 442, 446, 156 A 679. Since the facts of record recited in the original opinion show that Tuttle intentionally diverted and misapplied the trust money, the Advent Christian Church was entitled to a close jail execution as a legal right. *Healy, Admr.* v. *Moore,* 108 Vt 324, 350, 351, 187 A 679; *Lyon* v. *Prescott, supra,* 103 Vt at page 447, 156 A 679; *Styles* v. *Shanks,* 46 Vt 612, 616. And since the decree below denying and dismissing the prayer of the Advent Christian Church was reversed, and final decree was entered for it in this Court, pursuant to P. L. 1325, as amended by No. 39, of the Acts of 1937, the first opportunity for making a motion for a close jail execution was presented when the final decree was entered at the October Term, 1945. The motion could then have been presented and granted. *Darling* v. *Woodward,* 54 Vt 101, 104; *Oben* v. *Adams,* 89 Vt 158, 166, 94 A 506; *Smith* v. *Landrie,* 98 Vt 429, 432, 129 A 302; *North Adams Beef & Produce Co.* v. *Cantor,* 103 Vt 514, 517, 518, 156 A 879; *Healy, Admr.* v. *Moore, supra; Benway* v. *Hooper,* 110 Vt 497, 501, 8 A2d 658.

We may, in our discretion, even at a subsequent term, bring a case forward, strike off the judgment, and enter a new one. *McDurfee* v. *Buck,* 107 Vt 173, 177, 177 A 195, and cases cited. By bringing the case forward, striking off the decree, and entering a new one, we were enabled to grant a close jail execution.