ARTHUR SEARS *v.* LEO LABERGE.

(71 A2d 687)

January Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed February 7, 1950.

*Frederick W. Wakefield, Jr.* for the defendant.

*Louis Lisman* and *Harold I. O'Brien* for the plaintiff.

JEFFORDS, J. This is an action of tort to recover for injuries sustained from the alleged negligence of the defendant. A motion to dismiss was filed which was denied with an exception to the defendant. The grounds of the motion are, in substance, that this plaintiff previously brought a suit based on the same facts as the present one against this defendant and two others; that during the trial of the former case the plaintiff was required to elect whether he would proceed against the other two defendants as

principals or against this defendant as agent; that an election was made to proceed against the principals, and an order was made dismissing this defendant; that the trial resulted in a disagreement and the former case still remains on the lower court docket. The defendant alleged that, for the reasons stated, the trial court was without jurisdiction to try the case.

An exception taken below may be waived so as to bar its consideration on appeal, as where, on a trial, a party takes a step or adopts a course directly inconsistent with the exception previously taken. Such a step is a motion to dismiss the case. *Frederick* v. *Gay's Express,* 111 Vt 411, 413, 17 A2d 248; *Bemis* v. *Aldrich,* 102 Vt 277, 147 A 693.

Nor was the defendant entitled to have the motion granted on its merits. He relies in his brief on *Raymond* v. *Capobianco,* 107 Vt 295, 178 A 896, 98 ALR 1051. But that case is distinguishable from the present for the reason, if for none other, that the plaintiff had procured a judgment against the master before bringing an action against the servant. There was no error in the denial of the motion.

The defendant at the close of the plaintiff's case made a motion for a directed verdict which was denied. This motion was renewed at the close of all the evidence and again denied with an exception allowed the defendant. The grounds of the motion were lack of proof of negligence and that the plaintiff on his own testimony was guilty of contributory negligence.

Viewed in the light most favorable to the plaintiff, as it must be in considering this motion, the evidence tended to show the following facts: During the afternoon of May 9, 1945, the defendant drove his father's milk truck to Lackard's garage to have it repaired. This garage is located on the westerly side of route 7 in the northerly outskirts of the city of Vergennes. He drove the truck onto an uncovered ramp located in the garage yard in its northerly part. When the repairs had been completed he backed the truck off from the ramp. At that same time the plaintiff, who had been in the garage building to make a purchase, came out of a door in the southerly part of the building. He looked to the north and saw the truck backing off the ramp with its wheels at an angle so that it was backing in a northeasterly direction. He did not look in that direction again and walked through the garage yard in a southeasterly direction towards the highway intending

to go to his home which was a short distance southerly of the garage. He had proceeded about 15 feet from the garage door and had reached a point about 8 feet southerly of the three gasoline pumps which were in the garage yard when he was struck by the front right hand corner of the truck. His left foot was caught between the tires of the right rear dual wheel of the truck and he was dragged or pulled for 75 to 100 feet until his foot was released and he landed just off from the highway. The defendant after backing off from the ramp had turned the truck and had driven southerly between the pump and the highway to proceed southerly on it to test out the truck. As he was proceeding about 5 miles an hour, he felt a bump but thought it was due to a hole which had been repaired. He did not realize that his truck had struck the plaintiff until he had gone a short distance along the road and had glanced in his rear view mirror and had by this means seen the plaintiff lying beside the road. He immediately came back to the place where the plaintiff was lying. The reason the defendant had looked in the mirror was to see how close a car was which he had previously noticed coming from the north. No warning of any kind was given the plaintiff of the approaching truck.

The defendant in support of his claim of contributory negligence relies on *Eagan* v. *Douglas,* 107 Vt 10, 175 A 222; *McKirryher* v. *Yager,* 112 Vt 336, 44 A2d 542; *Dawley* v. *Nelson,* 115 Vt 461, 63 A2d 866 and *Farrell* v. *Greene,* 110 Vt 87, 2 A2d 194. But these cases are not factually in point with the one here. In the first two the plaintiffs in crossing a highway either did not look at all or looked ineffectually in the direction of the approaching car in question. The Dawley case is not at all in point. In the Farrell case the plaintiff was at all times aware of the approaching car but did nothing to save herself from injury.

The facts in the present case are quite similar to those in *Colburn* v. *Frost,* 111 Vt 17, 9 A2d 104. The plaintiff in that case was crossing a street, not at a cross walk, in the City of Rutland. He looked both ways and saw no traffic coming from the east but did see the lights of the defendant's car approaching from the west. The car at that time was about 400 feet away. The plaintiff started across the street without again looking to the west. We held that it could not be said, as a matter of law, that the plaintiff in crossing as he did omitted any care which the law required of

him. In the course of the opinion the following pertinent language appears, omitting citations:

> "But we have held in cases where the accidents happened at places other than crosswalks that the law does not say how often a pedestrian about to cross a street must look or precisely how far or when or from where. He is simply required to exercise for his own safety the measure of care that a prudent man would exercise in the same circumstances. But as circumstances vary so do the practical requirements of the rule vary. The circumstances and dangers are always to be taken into account in determining what is due care or the evidence of it. * * *
>
> "The plaintiff was not obliged to use constant vigilance and he had the right to assume that the defendant would exercise the care which the law required of him and that he would be given some warning before he was run down. His care and diligence is to be measured in view of this assumption. Although entitled to the benefit of this assumption, the plaintiff could not for that reason omit any care which the law required of him, as the rule applies only in favor of one whose own conduct measures up to the standard of due care."

Another case quite in point on its facts is *Porter* v. *Fleming,* 104 Vt 76, 156 A 903.

In the present case the plaintiff had walked a very short distance from the time he looked and saw the truck backing off from the ramp until he was struck. He was asked, on cross-examination, in effect, whether the backing of the truck in a northeasterly direction wouldn't indicate to him that it would come south in his direction. He replied, "No, the repair shop was north of me and he might go back in the shop for some more work." Applying the rules quoted supra from the Colburn case to these and other facts and circumstances in the present case, we hold that it cannot be said, as a matter of law, that the plaintiff was contributorily negligent. This question was properly submitted to the jury for its determination.

The defendant does not seriously question that there was rea-

sonable evidence on which the jury could base a finding of negligence on his part. Indeed this matter is scarcely briefed at all and the reasons advanced in support of his claim in this respect are not at all persuasive. It is clear that upon all the evidence in the case the jury could well have found that the defendant failed to keep a proper lookout for the plaintiff, as alleged in the declaration. There was no error in the denial of the motion for a directed verdict.

The defendant briefs an exception to the exclusion of certain evidence but, in effect, it is not briefed at all, since nothing is said concerning it beyond what was said when it was taken. For this reason this exception is not for our consideration. *Northern Tr. Co.* v. *Perry,* 104 Vt 44, 46, 156 A 906; *Firestone Tire & Rubber Co.* v. *Hart,* 104 Vt 197, 202, 158 A 92; *Temple* v. *Atwood,* 100 Vt 371, 137 A 321. For the same reason, exceptions to the charge of the court and to its failure to comply with certain requests are given no consideration.

Lastly, the defendant says that the lower court should have dismissed the case because of the variance between the declaration and the proof. In regard to this claim it is sufficient to say that the record does not disclose that this point was made below and therefore it is not available here for consideration. *Breding* v. *Champlain Co.,* 106 Vt 288, 294, 172 A 625; *Georgia* v. *Waterville,* 107 Vt 347, 353, 178 A 893, 99 ALR 453.

*Judgment affirmed.*