HERBERT CROTEAU *v.* MR. & MRS. PERLIE ALLBEE.

(91 A2d 803)

May Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed October 7, 1952.

*Natt L. Divoll, Jr.,* for the defendant.

*Abare & Sargent* for the plaintiff.

ADAMS, J. This is an action of contract arising out of the sale of certain logs. Trial was by jury with verdict and judgment for the plaintiff. The case is here on exceptions of the defendants.

At the close of the plaintiff's evidence the defendant, Mrs. Allbee, moved that she be dismissed as a party defendant on the ground that the plaintiff had failed to prove that she "is a proper party defendant and is liable in any way." The motion was denied and an exception allowed. The defendants then moved for a directed verdict. This motion was denied and an exception allowed. Both de-

fendants then proceeded with their defense and for that purpose introduced testimony. In fact, both defendants testified without reservation. Neither motion was renewed at the close of all the evidence. The exceptions to both motions are not available here.

■ Exceptions although properly taken and saved in the trial court, may be waived so as to bar their consideration on appeal, as when, on a trial a party takes a step or adopts a course of action directly inconsistent with an exception previously taken. Such a step is proceeding with the trial or introducing evidence after the denial of a motion to dismiss or for non-suit. Proceeding with his case after the denial of a motion for a directed verdict by a defendant has the same effect. *Frederick* v. *Gay's Express,* 111 Vt 411, 413, 17 A2d 248; *Sears* v. *Laberge,* 116 Vt 168, 169, 71 A2d 687; *Stevens* v. *Blood,* 90 Vt 81, 82, 83, 96 A 697; *Bemis* v. *Aldrich,* 102 Vt 277, 278, 147 A 693; *Gregoire* v. *Willette,* 110 Vt 459, 461, 8 A2d 660.

The defendants claim that the trial court erred in submitting the case to the jury on damages for breach of contract. The exception taken is, "to the charge by the court on the grounds that in the charge the case is submitted to the jury as a charge of damages for breach of contract, which in itself, is an error; * * * to the charge on the submission of damages for breach of contract, since the suit was brought on the common counts, and specifications in common counts were filed." An examination of the specifications in the instant case shows that the suit was brought to recover a claimed balance due on the sale of logs.

■ The general rule is that where an express contract, not under seal, has been fully performed by the plaintiff, and nothing remains to be done under it but the payment of money by the defendant, which is nothing more than the law would imply of him, the plaintiff may declare specially on the original contract, or generally in indebitatus assumpsit, at his option. *Fuller & Co.* v. *Morrison,* 106 Vt 17, 20, 169 A 7. It needs no further citation of authorities to show that in many instances the action is founded upon the breach of a contract, express or implied and the recovery sought is for damages for the breach of such a contract. Therefore, a charge for damages for breach of contract in such an action is not in itself error as claimed by the exception here taken.

■■ A trial court is entitled to be informed of the fault found with its instruction so that it may have a fair opportunity to pass judgment upon it and, if the objection appears to be well founded,

add to, or modify the charge. *Glass* v. *Bosworth,* 113 Vt 303, 307, 34 A2d 113. No specific defect was pointed out here in the instruction given. The exception was general and was founded upon an inaccurate statement of the law. It was too general to be availing. *Hambleton* v. *U. Aja Granite Co.,* 96 Vt 199, 204, 118 A 878. Moreover, it can be said that an examination of the charge shows that the issues as made by the pleadings and the evidence were properly submitted to the jury and they were properly instructed in regard thereto.

■■ The point is made by the defendants that the court erred in charging the jury as to the measure of damages for breach of contract. All that is said in the brief in support of the point is that the court did not properly charge the jury as to the measure of damages and how to compute them. The brief then refers to V. S. 47, § 7917, parts II and III as setting forth the measure of damages for a breach of contract of this sort with the statement that the court erred in not so charging. No authorities are cited, no grounds are stated, no parts of the transcript are referred to for evidence in support of the claim, nor is the point supported by argument. This is inadequate briefing and merits no consideration. *Quesnel* v. *Smith,* 108 Vt 373, 374, 187 A 374 and cases cited. Furthermore, the record does not show that the point was made below, so it is not available here. *Sears* v. *Laberge, supra* at 172, and cases cited; *Abel's Inc.* v. *Newton,* 116 Vt 272, 275, 74 A2d 481.

The defendants made a motion that the verdict be set aside as "being contrary to the evidence and also as contrary to the damages as given to the jury in the instructions." The motion was overruled and an exception allowed. The only ground relied on here is that the verdict was excessive. They say that the court outlined in its charge the claims of the plaintiff as totalling $319.12 plus interest from the spring of 1950 to September 26, 1951; that the total possible recovery including the interest could not exceed $347.79 and that as the verdict was for $397.22, it was excessive.

■ An examination of the charge at the place cited by the defendants does not show what they claim for it. The court, after stating and explaining various items for which the plaintiff claimed to recover, less credits given, said that the plaintiff claims to recover in this action $319.12; then said, "Now my computations may be correct and they may not be, and it is for you to determine, when the time comes if you reach a point where you believe the plaintiff is en-

titled to recover." The defendants point to no evidence to show that the $319.12 was correct or to show that the jury was not justified in using another figure or computation result. This court will not search the record for grounds to form a basis on which to reverse a judgment or predicate error. *Turner* v. *Bragg,* 113 Vt 393, 399, 35 A2d 356, and cases cited. The trial court was familiar with all the testimony and claims of the parties. It saw no reason for disturbing the verdict as excessive and none has been pointed out to us. The exception is without merit.

*Judgment affirmed.*