**Belle LaPlante v. Dale Eastman**

[105 A2d 265]

January Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed May 4, 1954.

*Hubert S. Pierce* and *Richard C. Drown* for the defendant.
*Maxwell L. Baton* for the plaintiff.

**Cleary, J.** Originally this was an ejectment suit brought by Dale Eastman against Belle Laplante to recover possession of certain land and buildings decreed Eastman by the probate court as sole heir of his father, E. V. Eastman, who died intestate. The now plaintiff moved that the suit be amended into equity and transferred to the chancery docket, which was done. Bill and answer were filed, hearing had, facts were found and a decree made perpetually restraining the defendant from interfering with the plaintiff in her possesion and order-

ing the defendant to deed the property to the plaintiff. The case is here on the defendant's exceptions to the admission and exclusion of evidence, to the failure of the chancellor to find as requested, to the findings as made and to the decree.

■ The plaintiff's daughter, Melba Nolan, was allowed to state what work her mother did for E. V. Eastman, subject to the defendant's exception that the evidence was immaterial. The plaintiff's bill alleged that E. V. Eastman and the plaintiff agreed that, for her work, she was to have $5.00 per week and a home so long as she lived, which home was to belong to her in fee simple absolute upon Eastman's death. The defendant's answer put the plaintiff to her proof. Evidence of the amount of work done tended to render the plaintiff's claim more probable, and so was relevant and material and was properly received. *Wilson* v. *Dyer*, 116 Vt 342, 344, 75 A2d 677; *Gomez & Co.* v. *Hartwell*, 97 Vt 147, 155, 122 A 461; *Gilfillan* v. *Gilfillan's Estate*, 90 Vt 94, 101, 96 A 704.

■ The defendant objected to a question asked the same witness on the ground that it was leading, in the sense of suggesting an answer. The objection was addressed to the discretion of the trial court and its ruling is not reviewable, so the exception is unavailing. *Jenness* v. *Simpson*, 84 Vt 127, 141, 78 A 886; *Berkeley* v. *Burlington Cadillac Co.*, 97 Vt 260, 265, 122 A 665.

The defendant excepted to the exclusion of a certified copy of the deed from E. V. Eastman of the Beebe Road farm, dated the same day as that of his purchase of the property here in question, the Union Street property. It was offered as impeachment of the witness Melba Nolan and generally as showing the circumstances under which the property was purchased; as indicating that he bought the property for the reason that, after the sale of the Beebe Road farm, he had to have a place to live. The exception is of no avail because the offered deed did not show the circumstances under which the property was purchased and would not, from it's date alone, tend to impeach the witness Nolan or tend to prove any of the facts claimed in the offer.

The defendant excepted to paragraphs numbered 7, 9, 10, 12, 13, 14, 17, 18, and 19 of the chancellor's findings of

fact. He excepted to finding 7: "that the said Belle Laplante went to work for the said E. V. Eastman as companion, housekeeper and servant, in the Fall of 1937, at which time it was then and there agreed by and between the said Belle Laplante and E. V. Eastman that she should so act as the said E. V. Eastman's companion, housekeeper and servant and to maintain his home, prepare his meals, do his washings, ironings and all work in the household necessary to the comfort and enjoyment of the said E. V. Eastman in return for which she was to receive the sum of $5.00 per week and a home so long as she lived and which home was to belong to her in fee simple, absolute, upon his, and said E. V. Eastman's death," for the reason that "giving the evidence introduced its full significance the plaintiff has failed to show that there was a definite agreement at any time during the period that the said plaintiff was employed as a housekeeper for E. V. Eastman, that he was to convey or to give to the said plaintiff the house in question, or any evidence that he was to convey any house to her in fee simple, absolute, upon his, the said E. V. Eastman's death."

■ The evidence tended to prove that the plaintiff went to work for E. V. Eastman in 1936, not in 1937 as found by the chancellor, but the error was harmless and the defendant makes no claim that he was prejudiced thereby, *Parker* v. *Hoefer*, 118 Vt 1, 11, 100 A2d 434. The plaintiff's daughter, Melba Nolan, testified that E. V. Eastman told her in the summer of 1944 that he was buying a house for her mother and was carrying out an agreement he had made; that at the time the plaintiff came to work for him they had discussed that after she had worked for him for a certain period of time and performed all duties pleasing to him, that he intended to purchase her a home and that, until such time arrived, she would receive $5.00 a week and when the time came that he felt that she had carried out her end of the agreement, he would let her pick out her own home; that when the plaintiff came to work for him they had an agreement that she was to have a home of her own to do with as she pleased, after he was gone; that she had worked better and harder than any person who ever worked for him and he thought it was time he looked around for a place for her;

that he was ready and willing to look around with the plaintiff for a place of her own and buy it for her, when she found what she wanted; that one afternoon in 1944 he asked the plaintiff to look at a house on which he had made a down payment; that he wanted the plaintiff to look at it and see if it was what she wanted for her home; that the plaintiff accompanied him but the house was not what she wanted; that he had his money returned and told the plaintiff to be ready the next morning and he would see Mr. Bradley, a real estate broker, and have Bradley take them around until they found a house the plaintiff wanted; that they did so, that the plaintiff found a place she liked and E. V. Eastman made arrangements for the papers to be drawn that day; that the house the plaintiff selected is the property here in question; that the plaintiff moved into the house in October 1944 and has occupied the property since that time. Previously the witness had testified to the unusual amount and kind of work the plaintiff did for E. V. Eastman and to her management and care of his farms and other property at times when he was ill or absent. One disinterested witness testified that E. V. Eastman told her he was leaving the house to the plaintiff; another disinterested witness testified that he told her that the house was to be the plaintiff's. There was sufficient evidence reasonably tending to support the agreement as found by the chancellor so the exception is of no avail. *Strout* v. *Wooster*, 118 Vt 66, 74, 99 A2d 689; *State* v. *O'Connell*, 118 Vt 55, 56, 99 A2d 705.

Findings 9, 10, 12, 13 and 14 are merely supplementary to finding 7; so it is immaterial whether or not these later findings of themselves are indicative or proof of any prior contract or of carrying out any prior contract and the exceptions to them are of no avail.

The defendant excepted to finding numbered 17 that "the plaintiff, Belle Laplante, is equitably entitled to the real estate here in dispute" for the reason that "giving the facts which the Chancellor failed to find and the exceptions to the facts as found that the plaintiff has failed to show by the necessary preponderance of evidence that there was any agreement by which she in law or equity is entitled to the property in question." This exception cannot avail the de-

fendant because the finding is supported by the chancellor's previous findings of the agreement, its full performance by the plaintiff and part performance by E. V. Eastman. Under such circumstances equity gives relief by ordering specific performance. *Holmes* v. *Caden*, 57 Vt 111, 113-114; *Smith* v. *Pierce*, 75 Vt. 200, 203-204, 25 A 1092. The relief is granted to prevent fraud on the plaintiff. *Meach* v. *Stone & Perry*, 1 D. Chipman 182, 189; *Hibbard* v. *Whitney*, 13 Vt 21, 24; *Stark* v. *Wilder*, 36 Vt 752, 755; *Bedell* v. *Tracy*, 65 Vt 494, 499, 26 A 1031; *Page* v. *Cave*, 93 Vt 190, 194, 106 A 774; *McGuirk* v. *Ward*, 115 Vt 221, 225, 55 A2d 610.

■ The defendant excepted to finding 18 "That, although the defendant claims to have been prejudiced in this action by reason of the plaintiff not seeking her relief against the estate, nevertheless the defendant has failed to introduce any evidence as to the amount of his damage and I am, therefore, unable to determine that the said Belle Laplante should reimburse the said Dale Eastman for any such damage," for the reason that "the undisputed evidence is that the defendant as administrator and individually has paid the real estate taxes and insurance upon the house in question since the decease of the said E. V. Eastman and has thereby been prejudiced to the extent of such payments; and further that the said administrator has paid the inheritance tax to the state of Vermont upon this particular property." The defendant has failed to point out any evidence tending to show the amount he paid either individually or as administrator for taxes or insurance upon the property in question. We have made a careful search of the transcript and find no such evidence. There being no evidence of the amount of his damage the chancellor could not determine that the plaintiff should reimburse him and the exception cannot avail him. The other claims made in the defendant's brief are beyond the scope of the exception and so are not for our consideration. *Strout* v. *Wooster*, 118 Vt 66, 72, 99 A2d 689; *Lunnie* v. *Gadapee*, 116 Vt 261, 265, 73 A2d 312; *Sears* v. *Laberge*, 116 Vt 168, 172, 71 A2d 687.

■ The defendant's exception to finding 19 that "the said Dale Eastman's right to the real estate here in dispute

is and could be no better than the rights of the administrator during the settlement of the said E. V. Eastman estate, and that, by reason of the administrator of said estate never having demanded of the said Belle Laplante by reason of what rights she claimed to occupy and possess said premises even though she was so occupying and possessing with the knowledge of the administrator, is no bar in this action against the said Dale Eastman personally at this time, as any damage to him would be damage occasioned him by the estate and he would be bound to look to said estate for satisfaction of the same," for the reason that "the undisputed evidence is that the plaintiff was occupying said premises under the permission of the administrator and that no question was raised by the plaintiff during this time until after the estate was settled and she was asked to vacate the premises." This exception is of no avail because the plaintiff's evidence conflicted with the claims made by the defendant. The weight of the evidence was for the chancellor to determine and all conflicts must be resolved against the excepting party. *Dwinell* v. *Alberghini*, 115 Vt 394, 398, 62 A2d 124.

The defendant has briefed exceptions to the failure of the chancellor to comply with his requests to find numbered 3, 4, 5, 6, 8, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 23, 24 and 25.

■ Requests numbered 3, 5, 6 and 14 were immaterial to the determination of any issue in the case and were properly denied. *Macdermid* v. *Macdermid*, 116 Vt 237, 240, 73 A2d 315; *Sparrow* v. *Cimonetti*, 115 Vt 292, 299, 58 A2d 875. The substance of request numbered 4 was found in paragraphs numbered 11 and 17 of the findings of fact and that part of request numbered 8 which was material was found in paragraph numbered 7 of the findings of fact.

■ Request numbered 11 was properly denied because the evidence in the case did not support the request. That is also true of requests numbered 12 and 13.

■ ■ In briefing his exceptions to the failure to comply with requests numbered 14, 15, 16, 18, 20, 21 the defendant claims that the requests should have been granted because the plaintiff was called upon to assert her right, if she had any,

to the real estate in question and her failure to do so constituted a piece of evidence that her present claim was an afterthought made after the property had been decreed to the defendant. He makes the same claim in discussing his exception 19 to the findings of fact. The plaintiff testified in direct examination that the defendant asked her how soon she would move and she told him she didn't intend to move because his father intended she should have the house. In cross examination she testified the defendant asked her how soon she could move and she told him she didn't intend to move because his father intended the place was hers. This was in October and E. V. Eastman deceased the previous August. Mr. Selby testified that when he and the other appraiser of E. V. Eastman's estate were there to appraise the property belonging to the estate no one asked the plaintiff if she made any claim to the house. The defendant himself testified he never asked the plaintiff by what right she claimed to occupy the premises. The plaintiff was in possession of the property. That afforded notice to everyone of her equitable rights and was a continued assertion thereof. *Page* v. *Cave*, 93 Vt 190, 193, 106 A 774. She was under no obligation to act until her right to it was assailed. When that occurred she took reasonable steps to assert it. This was all she was required to do. *Page* v. *Cave*, 94 Vt 306, 310, 111 A 398; *Keck* v. *Van Dyke*, 292 Pa 532, 141 A 446, 448; *Scott* v. *Nolan*, 53 RI 89, 164 A 193, 194. The requests were properly denied.

Requests numbered 19, 20, 21, 24 and 25 were contrary to and inconsistent with the facts found by the chancellor. We have already held that the facts as found are sound as against the exceptions taken to them. So there was no error in refusing the requests. *Strout* v. *Wooster*, 118 Vt 66, 79, 99 A2d 689; *Nelson* v. *Travelers Ins. Co.*, 113 Vt 86, 99, 30 A2d 75; *Boyd* v. *Hartford*, 112 Vt 503, 512, 28 A2d 411.

▪ The defendant briefs his exception to the failure of the chancellor to comply with request numbered 23 with his exception to the decree and claims that the request should have been granted and that the decree should be reversed because the alleged agreement was not in writing and violated our Statute of Frauds. V. S. 47, §1716. The defendant

did not plead the statute as a defense and allowed the contract to be proved by oral testimony without objection. So his exceptions were too late to be available. *Adams* v. *Patrick*, 30 Vt 516, 520; *Montgomery* v. *Edwards*, 46 Vt 151, 153; *Howe* v. *Chesley*, 56 Vt 727, 731; *Pike* v. *Pike*, 69 Vt 535, 538, 38 A 265; *Sartwell* v. *Sowles & Ladd*, 72 Vt 270, 277, 48 A 11; *McDonald* v. *Place*, 88 Vt 80, 83-84, 90 A 948; *Pocket* v. *Almon*, 90 Vt 10, 13, 96 A 421; *Taplin* v. *Hinckley Fibre Co.*, 97 Vt 184, 186-187, 122 A 426.

▮▮ In connection with these last exceptions the defendant argues that partial execution of the agreement found by the chancellor does not justify a decree for specific performance. Since this was not a ground of exception as made below, it cannot be urged here for the first time. *Bonneau* v. *Russell*, 117 Vt 134, 136, 85 A2d 569; *Croteau* v. *Allbee*, 117 Vt 332, 335, 91 A2d 803. The exception to the decree was general so the only question regarding it is whether the decree is warranted by the pleadings and supported by the findings. *Latchis* v. *John*, 117 Vt 110, 111, 85 A2d 575; *Enosburg Falls* v. *Hartford Ins. Co.*, 117 Vt 114, 124, 85 A2d 577; *Baker* v. *Koslowski*, 117 Vt 124, 125, 85 A2d 500; *Hathaway* v. *Fernandez*, 117 Vt 234, 235, 89 A2d 117; *Fuller* v. *Watkins*, 117 Vt 257, 260, 90 A2d 444; *McPherson* v. *Dow, Admr.*, 117 Vt 506, 509, 96 A2d 649. From what we have said supra it is apparent that the decree is both warranted by the pleadings and supported by the findings. None of the defendant's exceptions are sustained. *Decree affirmed.*