## Eugene P. Couture v. Fred Lowery et al

[ 177 A.2d 371 ]

November Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 2, 1962

*Finn & Davis* for the plaintiff.

*Reginald T. Abare* for the defendants.

**Barney, J.** A temporary injunction, restraining the defendants from conveying their farm premises, was dissolved as a consequence of this Court's decision in *Couture* v. *Lowery,* 122 Vt. 239, 168 A.2d 295. In this proceeding the defendants, by motion addressed to the court of chancery for Washington County, asked for assessment of damages consequential to the enjoinment. They prevailed below but appeal on the grounds that the award of damages was insufficient in the light of the loss demonstrated by the evidence, and, further, that they were improperly precluded from presenting further evidence of damage. The plaintiff says that the whole proceeding ought to be dismissed for want of jurisdiction, contending that the defendants brought their motion too late.

Since jurisdiction is basic, that issue is of initial concern. The entry order in this Court was filed on March 1, 1961. The privilege of asking for reargument expired fifteen days later (Supreme Court Rule 22), and the order became final. On May 2, 1961, according to the docket entry, defendants' motion for assessment of damages was filed in the chancery court below. In this Court the time for requesting such relief had passed, in the absence of a motion to strike off the original judgment order. See *St. Germain's Admr.* v. *Tuttle,* 114 Vt. 348, 45 A.2d 202; same case, 114 Vt. 263, 44 A.2d 137.

The defendants elected to present their motion to the lower court. We stated, in *Turner* v. *Bragg,* 114 Vt. 334, 336, 44 A.2d 548, that "unless a remand is ordered when final judgment or decree is rendered in this Court, or later obtained on motion, a chancellor or court of chancery has no further jurisdiction in the cause." Therefore, to support these proceedings in the chancery court below there must be either an order of remand or some special quality attached to assessment of such damages that supports a sort of retained or residual jurisdiction.

In spite of the breadth of the quoted language above, there are chancery concerns which, by their nature, give rise to a need for continued supervision by the chancellor of issues not carried here on appeal. *Westinghouse Co.* v. *Barre & Mont. Tr. & P. Co.,* 97 Vt. 306, 123 Atl. 201. However, after that case and *White River Chair Co.* v. *Conn. River Power Co.,* 105 Vt. 24, 162 Atl. 859, were decided, 12 V.S.A. §4605 was amended in 1937 to its present form, giving this Court the power to enter final judgment without remand. The

language of those earlier cases must be read in the light of this statutory difference. See *Turner* v. *Bragg,* 113 Vt. 156, 159-61, 30 A.2d 450. The prospect of final disposition enlarges the authority of this Court over the matters at issue, so that its judgment may become the decree in the case. *Turner* v. *Bragg, supra,* 114 Vt. 334, 335-6; *Century Indemnity Co.* v. *Mead,* 121 Vt. 434, 435, 436, 159 A.2d 325. The statutory purpose is clear: to expedite final disposition of chancery matters without the necessity for innumerable remands for final action followed by consequential appeals to test compliance with the mandates involved.

The entry made in this case, 122 Vt. 239, 168 A.2d 295, reads, "Decree reversed. Judgment for the defendants to recover their costs." Since in all cases of a civil nature finally disposed of in this Court, costs are taxed here (12 V.S.A. §2131) unless otherwise ordered, this entry is in no sense a remand.

The question becomes, then, an inquiry into whether the power to assess injunctive damages is one reserved to the issuing court, even in the face of a statutory trend enlarging the competence of this Court to dispose of all issues in a chancery case. By 12 V.S.A. §4447, however, the legislature has said that such a damage assessment may be made by reference to a master. Such a reference is appropriate to either the court of chancery or this Court, and runs counter to the idea of a power reserved to the issuing court.

Moreover, in *Spaulding & Kimball Co.* v. *Aetna Chemical Co.,* 98 Vt. 169, 172, 126 Atl. 588, it is stated that assessment of these damages is not made until after final decree has been entered, and that the assessing court has the power to hold the case for that purpose. It is there suggested that the case is pending in that connection until the formal decree is signed and filed, or the case has gone off the docket. Orderly procedure would seem to require that the court that makes the final entry be the court to carry out the assessment. Otherwise, a final entry in this Court could forestall the assessing of damages below, as happened here. Therefore we hold that nothing by way of a residual power to assess such damages remains in the lower court. The power to deal with the right to have injunction damages assessed under motion accompanies the action to this Court on appeal, and returns to the court below only in connection with a remand.

■ This power to enforce remuneration for losses under an injunction is an inherent power of courts of chancery, because the right to remuneration is made a condition of the issuance of the injunction. *Houghton* v. *Grimes*, 103 Vt. 54, 67, 151 Atl. 642. This inherent power is based upon the principle that the party seeking the injunction has availed himself of the process of the court of chancery and must abide its orders. *Spaulding & Kimball Co.* v. *Aetna Chemical Co.*, *supra*, 98 Vt. 169, 172-3, 126 Atl. 588. The motion of the defendants is addressed to this power.

■ An additional remedy is available to the defendants in the form of an action to enforce the contractual rights created by the terms of the injunction bond. *Sturgis* v. *Knapp*, 33 Vt. 486, 522. Although the two avenues lead toward the same goal of recovery of damages resulting from the injunction, they are distinct. To avail himself of the more convenient remedy by motion for assessment, the moving party has the burden of addressing his motion to the proper court and of making timely presentation. These defendants did neither. The court below was without jurisdiction to consider the motion.

*Decree set aside and petition dismissed.*