# In re Crescent Beach Association, Inc.

[ 236 A.2d 497 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed November 7, 1967

*Francis R. Peisch* for plaintiff.

*Latham & Eastman* for the defendants.

**Keyser, J.** On July 24, 1964 Crescent Beach Association, Inc., filed an application with the Burlington Zoning Board of Adjustment for a variance in the zoning regulations to permit the operation of certain beach property as a private beach. The project involved the purchase of two adjoining beach-front lots in a residential development. The Association proposed to operate a private beach in these lots for the benefit of residents of the neighboring area who became members of the Association. The board granted the application with limitations over the objections of certain landowners and they appealed to the Chittenden County Court.

The court on application of the objecting landowners issued a temporary order restraining the appellee from proceeding with its intended development and use of the beach property.

In May 1966, the county court modified but otherwise confirmed the action taken by the zoning board on the application and on August 1, 1966, it dissolved the temporary restraining order. The objecting landowners appealed the action of the lower court to this court. On August 19, 1966, while the appeal was pending, the appellee filed with both supreme and county courts a motion to have damages assessed and costs taxed.

We affirmed the judgment of the lower court by opinion filed December 6, 1966 but appellee's motion was not considered in our disposition of the appeal. See 126 Vt. 140, 224 A.2d 915.

Thereafter, the county court ruled favorably on the motion holding that it had jurisdiction to assess damages and tax costs. The appellant landowners have appealed this ruling of the lower court under 12 V.S.A. §2386. The certified question is "whether or not the county court has jurisdiction to hear such a motion."

The right of appeal from a decision of the board of adjustment to county court is granted by 24 V.S.A. §3022. This requires a sworn petition setting forth the grounds upon which the decision is claimed to be illegal or unreasonable. The procedure to be followed on such an appeal is governed by 24 V.S.A. §3023 which provides in part as follows:

"The court shall hear the evidence and make such order approving, modifying or setting aside the decision appealed from as justice may require, and may make a new order in lieu of the order of the board. The filing of the petition shall not stay proceedings upon the decision appealed from, but on application, notice to the board and for cause shown, the court may grant a restraining order. * * * Costs shall be allowed the prevailing party on appeal in county court."

[█ Stay of the proceedings does not automatically result by the filing of the petition. Rather application for a stay must be made to the court which, "after notice to the board and for cause shown," may grant a restraining order. If the court is not asked to "stay the proceedings appealed from," notice to the board of adjustment is not required. *Appeal of Maurice,* 117 Vt. 264, 268, 90 A.2d 440.

The statute, section 3023, *supra,* provides that costs shall be allowed the prevailing party on appeal in county court. The appellants do not contest this phase of the motion. Costs are to be taxed in the same manner as in civil causes.

The foregoing section does not make any provision for the recovery of damages where the court grants a stay of the proceedings from which an appeal is taken. It is silent in this respect.

The appellee argues there is no question but that the appellee has the right to recover its damages. It claims the county court has the inherent power to assess damages sustained through the issuance of its temporary injunction, citing *Spaulding & Kimball Co.* v. *Aetna Chemical Co.,* 98 Vt. 169, 126 A. 588; *Couture* v. *Lowery,* 122 Vt. 505, 177 A.2d 371. Further, it claims 12 V.S.A. §4447 provides that it shall be entitled to recover its actual damages caused by the wrongful issuing of the injunction.

██ 12 V.S.A. §4447 provides that when an injunction in chancery is dissolved by final decree in favor of the defendant, he shall be entitled to recover his damages caused by the wrongful issuing of the injunction. This statute delimits the right of recovery of damages by a defendant to cases in chancery. The case at bar is not an action in chancery. The foregoing statute extends no jurisdiction to a law court to assess injunctive damages in a zoning appeal case as is here contended.

 Injunction is distinctly an equitable remedy. The law is well-settled that the power of the chancery court to enforce remuneration for losses under an injunction is an inherent power of the courts of chancery, because the right to remuneration is made a condition of the issuance of the injunction. And, further, that this inherent power is based upon the principle that the party seeking the injunction has availed himself of the process of the court of chancery and must abide by its orders. *Couture* v. *Lowery, supra; Houghton* v. *Grimes,* 103 Vt. 54, 67, 151 A. 642.

██ If the court has power to make a payment of damages a condition on which the injunction issues, and to require a bond to secure its performance, it must of necessity have the power to determine the damages. *Sturgis* v. *Knapp,* 33 Vt. 486; *Spaulding & Kimball Co.* v. *Aetna Chemical Co.,* 98 Vt. 169, 173, 126 A. 588. The above cases were all chancery cases in which an injunction bond was filed.

The circumstances in the case at bar are much different. The proceeding is initiated by an application to the Zoning Board of Adjustment for a variance in a zoning regulation. Upon favorable action by the board, objecting landowners took an appeal to the county court as provided by statute, section 3023, *supra.* The procedure set up by the statute provides for a judicial review of the administrative proceedings and the decision of the board. After hearing evidence the court can approve, modify or set aside the board's decision. Where, as here, the board granted the application for a variance, the successful applicant could well have proceeded to act on the board's decision unless there was a stay of the proceedings granted by the court.

The court by its restraining order held the effectiveness of the board's decision in abeyance. This suspension of the granted variance works for the mutual protection of applicant and the objecting landowners if the board's decision is modified (as here) or set aside. It

can be presumed the court determined there was a necessity for it to have the opportunity to first hear and decide the matter before the appellee would be allowed to proceed on the board's decision. After the court issued its order modifying the decision of the board, it dissolved the restraining order.

The appellee terms the temporary restraining order as a "temporary injunction." This term does not appear in the statute. The stay order provided for under this statute is intended only as a restraint of the effectiveness of the board's decision until the propriety of their action can be determined by the court. It goes no further than to preserve the status quo until that determination. The distinction between such a restraining order and a temporary injunction consists, not in the particular phraseology used in the order imposing the restraint, but to its effect and purpose under existing statutes and conditions. It is the restraint which the order purports to impose, and not the name given to it, that determines its true character. 28 Am. Jur., Injunctions, §13.

It is the fundamental inherent difference in the character of the relief granted in the restraining order from that granted in a temporary injunction which distinguishes one from the other and which causes the courts to adhere to the restraining character of the order and deny it the force and vigor of a temporary injunction. *Id.*

The facts and circumstances here do not bring the stay order within such classification. The appellee had no rights which were being invaded. The proceeding does not have the true attributes of an action in law or equity between adverse parties. The only impact of the order was to preserve the status quo of the question whether the variance authorized by the board shall be approved, modified or set aside by the county court.

The record before us does not show the terms of the stay order issued by the court. However, it appears in the appellants' brief that the court ordered the applicant, Crescent Beach Association, Inc., to refrain from going forward with the requested use of its new beach area.

True, the effect of the order was to temporarily prevent the appellee from the use of its proposed beach area. But to begin with it did not possess a vested or a property right to do so. Only until the modified zoning regulation was disposed of with finality by the court was it permitted to proceed and then with conditions.

The purpose and intent of the statute is to provide a means in cases where cause is shown of protecting the public and their property rights and preserve the subject matter of an application for variance until the court has had the opportunity to make its decision on the board's action.

24 V.S.A. §3023 does not grant injunctive powers to the law court or the power to require an injunction as a condition to its issuance of a stay order. Nor does the court have power to assess damages against objectors to a proposed or requested variance of a zoning regulation and thus penalize them. To do so would tend to nullify the true purpose and intent of the statute. No resident would feel free or safe to object to a change in a zoning regulation by appeal to county court and petition for a stay order. The right of appeal could well be empty and unrighteous defaults occur.

Ordinarily, 12 V.S.A. §2387 applies to a civil action or proceeding and "execution shall be stayed pending the time for filing and after filing the notice of appeal." This statute would have applied here except for 23 V.S.A. §3023 which allows the applicant to go ahead on the decision of the board of adjustment unless this special privilege is denied and restrained by the court. In other words, when the court does restrain the proceedings, under section 24 V.S.A. 3023, it is simply bringing the case back under the general pattern of the usual appellate procedure governed by section 2387. In one case the statute restrains the parties from proceeding while in the other it is the court. In either case the restraint is not within the true concept of an injunction.

In its supplemental brief, the appellee argues other questions which are not within the purview of the certified question. We are confined strictly to the question certified and such other questions are not for consideration. A question raised for the first time in Supreme Court is not for consideration. *Verchereau* v. *Jameson*, 122 Vt. 189, 193, 167 A.2d 521.

We hold that the county court is without jurisdiction to hear and determine appellee's motion to assess damages.

*The ruling of the county court is reversed and cause remanded.*