## In re David FOY

[518 A.2d 372]

No. 86-036

October 10, 1986. At all times material hereto, the law required that a superior court should consist of one presiding judge and two assistant judges, if available, and that if two assistant judges were not available, the court should consist of one presiding judge and one assistant judge, if available. 4 V.S.A. § 111(a) (subsequently amended; now see 4 V.S.A. § 112(c)).

Both the record and the findings of the presiding judge at the sentencing proceeding are inadequate to explain the absence of Assistant Judge Donoghue, see 4 V.S.A. § 119, and/or Assistant Judge Delaney, who succeeded Judge Donoghue in office; thus, the jurisdiction of the superior court, consisting solely of the presiding judge, was not established. See *Behn* v. *Northeast Appraisal Co.*, 145 Vt. 101, 107, 483 A.2d 604, 608 (1984); *Suitor* v. *Suitor*, 137 Vt. 110, 111, 400 A.2d 999, 1000 (1979).

*Reversed and remanded.*

## GRAMATAN HOME INVESTORS CORP.; Gramatan Company and Home Investors Company v. Howard WHITTEMORE and Dorothy Whittemore

[518 A.2d 32]

No. 85-116

October 20, 1986. Plaintiffs appeal the trial court's holding that, by failing to submit documentary evidence of assignment, plaintiffs failed to establish their right to foreclose on a note and mortgage originally executed by the defendants. It is well established that the Statute of Frauds is waived if parol evidence is offered without objection to prove the existence of a contract. *Couture* v. *Lowery*, 122 Vt. 239, 243, 168 A.2d 295, 298 (1961); *Taplin* v. *Hinckley Fibre Co.*, 97 Vt. 184, 187, 122 A.2d 426, 427 (1923). Defendants here waived their Statute of Frauds defense by failing to object to oral testimony as to the existence of an assignment of the note and mortgage. Although the written documents were not placed in evidence, testimony introduced by plaintiffs without objection supported their contention that the note and mortgage were assigned from Home Investors Trust d/b/a Gramatan Co. to Home Investors Co. to Gramatan Home Investors Corporation. Therefore, it was error to dismiss the action for failure to establish a prima facie case.

*Reversed and remanded.*